[No. 7,987.—Department Two.]

# THOMAS BROWN v. THE SAN FRANCISCO GAS LIGHT COMPANY.

SALE OF STOCK BY FOREIGN EXECUTOR—POWER TO SELL—EXECUTOR—
WILL—ESTATES OF DECEASED PERSONS.—It appeared from an agreed
case submitted to the Court below that B., a resident of New York,
dying in that State, by his will gave his executors power to sell and con-
vey all or any of his property, real or personal; and that under this
power (the will having been admitted to probate in New York), the ex-
ecutor in that State (one only having qualified) sold to the plaintiff, by
indorsement and delivery of the certificates, certain shares of capital
stock of the defendant, a California corporation (which stood in the name
of B., and the certificates of which were in his possession at the time of
his death).

*Held* (under § 324, Civ. Code), that the title of the plaintiff was complete,
and that it was not necessary to have letters of administration issued in
this State in order to obtain a transfer on the books of the corporation;
and *held*, further, that the bond provided for in § 326, Civ. Code, was not
required.

LAW OF ANOTHER STATE—PRESUMPTION.—In the absence of any state-
ment to the contrary it is assumed in this case that the law of New
York in regard to the issuance of letters to one of two or more executors
appointed by a will, and his power to act as sole executor, is the same as
in this State.

APPEAL from a judgment for the plaintiffs in the Superior
Court of the City and County of San Francisco. HUNT, J.

An agreed case was submitted to the Court below, in which
the question was stated to be whether or not the defendant
was required to transfer the stock to plaintiff, and whether
it was liable to damages for refusing to do so; and judgment
was entered that it should transfer the stock.

*R. P. & H. N. Clement*, for Appellant.

In this State "no sale of any property of a decedent is
valid unless made under order of the Superior Court." Now,
if no sale of the property of any decedent can be made in
this State without an order of Court, and the stock of a non-
resident stockholder in a California corporation can not be
completely transferred until the stock is brought here and
duly transferred on the books of the company, would not

such not a transfer, without an order of Court, be in violation of law?

*Chickering & Thomas,* for Respondent.

The stock is personal property. As such, it is governed by the law of the owner's domicile. By such law it passed upon the owner's death to his executor. The executor has transferred the stock in accordance with the forms prescribed by both the *lex domicilii* and the *lex rei sitœ.* Has such transferee the right to have the stock transferred to his name upon the books of the defendant corporation, or in default thereof to maintain an action for damages? The disability of a foreign executor to sue in the Courts of this State is a personal one, and does not pass to his vendee or assignee. (*Harper* v. *Butler,* 2 Pet. 239; *Grace* v. *Hannah,* 6 Jones' Law, N. C., 94; *Andrews* v. *Carr,* 26 Miss. 577; *Thomas* v. *Reister,* 3 Ind. 369.)

Myrick, J.:

From the agreed statement of facts it appears that Mathew Bird was a resident of the State of New York, in which State he died testate. By his will he nominated Mary Bird executrix and Edward O. Bird executor thereof. In the will was a clause "that my said executrix and executor, and the survivor of them, shall have, and I hereby give to them, and the survivor of them, full power and lawful authority to sell and convey all or any part of my real or personal estate if they shall think proper and necessary to do so at any time after my decease." The will was duly admitted to probate in New York, and letters testamentary issued to said Edward O. Bird, who alone appeared and qualified. At the time of his death Mathew Bird was the owner of two hundred and fifty shares of the capital stock of the defendant corporation, standing in his name, and the certificates therefor were in his possession. After the issuance of letters, Edward O. Bird, as such executor, sold the stock to plaintiff and assigned the certificates by indorsement and delivery. The plaintiff presented to defendant proof of the foregoing facts and demanded the transfer of the stock on the books of defendant, which was refused. The Court below rendered judgment for plaintiff,

directing the defendant to transfer the stock. The judgment
is correct. An executor or administrator in another jurisdic-
tion, with power to sell, and having property of his testator
or intestate, may sell the same, and vest the title in the pur-
chaser. The title of the purchaser was complete as between
the parties when the certificates had been indorsed and deliv-
ered; it was not necessary to have letters of administration
issued in this State in order to obtain a transfer on the books
of the corporation. (§ 324, Civ. Code.) The bond provided for
in § 326 was not required by defendant. After the transfer
had been made, what was there remaining in the estate to be
administered upon in this State?

In the absence of any statement to the contrary, we pre-
sume that the law of New York in regard to the issuance of
letters to the executor alone, and his power to act as sole ex-
ecutor, is the same as in this State.

Judgment affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.