LUCE, *Adm'r*, v. THE MANCHESTER & LAWRENCE RAILROAD & a.

In the absence of ancillary administration or statutory prohibition, the domiciliary administrator appointed in another state has authority to sell and assign stock of the decedent in a corporation in this state, and the corporation may voluntarily consent to its transfer by accepting the outstanding certificate and issuing a new one to the purchaser.

Gen. Laws, *c.* 201, *s.* 16, does not take away or abridge this authority, but enables foreign executors and administrators to compel unwilling bailees and corporations, holding property of the deceased in this state, to recognize their title without the expense and inconvenience of administration here.

BILL IN EQUITY, against the Manchester & Lawrence R. R., Kidder, Peabody & Co., R. L. Day & Co., Foote & French, Benjamin Greene, Warren Sherburne, and Henry C. Sherburne, for the recovery of nineteen shares of Manchester & Lawrence Railroad stock and the dividends upon them.  Facts agreed.

Lysander A. Ellis, residing at Newton, Mass., died September 13, 1882, being then the owner of nineteen shares of the capital stock of the Manchester & Lawrence Railroad.  October 10, his will was duly proved in Middlesex county, and by its terms Benjamin F. Burgess, of Boston, was appointed executor, and also trustee for and guardian of the testator's only son, Walter A. Ellis, then and now a minor, who was the residuary legatee.  The will gave Burgess full power to handle and invest the estate, and he was exempted from giving sureties on his bond in either of his said capacities.  November 9, Burgess returned an inventory of the Ellis estate, in which he included the nineteen shares of the Manchester & Lawrence stock.  The appraised value of the estate exceeded $180,000.  There were no debts in Massachusetts or New Hampshire.  About August 14, 1883, the certificate was sent to the treasurer of the Manchester & Lawrence Railroad by R. L. Day & Co., with an assignment to them written on the back of it, signed "Lysander A. Ellis, by Benjamin F. Burgess, Ex'r."

Day & Co. were brokers, employed by Burgess.  The treasurer placed said nineteen shares to the power of Day & Co. upon the books of the corporation, and on August 14, 1883, Day & Co., as brokers, sold ten shares of the stock to Kidder, Peabody & Co., of Boston, who were acting as brokers for Benjamin Greene, of Brunswick, Maine, and ten of the Ellis shares then standing to the power of Day & Co. were placed to the power of Kidder, Peabody & Co., but no certificate was issued to them.  August 18, Kidder, Peabody & Co. transferred their power to Benjamin Greene, to whom the treasurer of the Manchester & Lawrence Railroad issued a certificate which he now holds.  Day & Co. received the market value of the stock, and paid the same to Burgess less their commission for selling.

August 18, 1883, Day & Co. executed a transfer of the remaining nine shares standing to their power to Foote & French, of Boston, to whom a new certificate was issued.  Soon after this date the firm of which Burgess was a member failed in business, and Burgess became insolvent.  He soon after resigned his trusts as executor, trustee, and guardian.  He has never settled an administration account, nor accounted to any one for the proceeds of the property disposed of by him.

December 13, 1883, Foote & French placed to their own power five shares, and executed a transfer of the remaining four to Henry C. Sherburne, to whom a new certificate was issued. On the same day Foote & French transferred their power to H. C. Sherburne, who afterwards had a certificate of twelve shares, in which were included the five shares above named. March 2, 1885, H. C. Sherburne transferred twelve shares to Warren Sherburne.

April 15, 1884, the plaintiff was appointed administrator of the estate in New Hampshire. He notified the corporation of his appointment, and demanded the nineteen shares of stock. The plaintiff claims that the Massachusetts executor had no authority to sell the stock of a New Hampshire corporation except under the New Hampshire statute upon the subject, and that neither the executor in Massachusetts nor the corporation had any authority to transfer the stock and issue new certificates except from the laws of New Hampshire.

*Thomas D. Luce* and *Briggs & Huse*, for the plaintiff.

*Jeremiah Smith* and *J. W. Fellows*, for the defendants.

*Wm. L. Foster*, for H. C. and W. Sherburne.

*Weston Thompson*, for Greene.

BLODGETT, J.  Letters of administration confer no extra-territorial authority as matter of right: hence the power of an executor or administrator is limited to the state or country of his appointment, and being so limited, the general rule is that he cannot sue or defend in his representative capacity in a foreign jurisdiction,— not, however, from want of title to the assets of his decedent situate in such jurisdiction, but because of his personal incapacity to enforce it.

And it is upon this ground of title that it has been so often decided by courts of the highest authority, that, in the absence of ancillary administration or statutory prohibition, the domiciliary administrator or executor has authority to take possession of and remove the goods or effects of the decedent in another jurisdiction, or to collect a debt due from a debtor residing therein, if voluntarily given up or paid, and give a good acquittance and discharge therefor. *Marcy* v. *Marcy*, 32 Conn. 308, 323; *Selleck* v. *Rusco*, 46 Conn. 370, 372; *Williams* v. *Storrs*, 6 Johns. Ch. 353, 357; *Doolittle* v. *Lewis*, 7 Johns. Ch. 45, 49; *Parsons* v. *Lyman*, 20 N. Y. 103, 112, 113; *Petersen* v. *Chemical Bank*, 32 N. Y. 21, 43; *Citizens' Nat. Bank* v. *Sharp*, 53 Md. 521; *Klein* v. *French*, 57 Miss. 662, 669, 670; *Denny* v. *Faulkner, Adm'r*, 22 Kan. 89–96; *Trecothick* v. *Austin*, 4 Mason 16, 33; *Mackey* v. *Coxe*, 18 How. 104; *Wilkins* v. *Ellett*, 9 Wall. 740–743—*S. C.*, 108 U. S. 256–258. So,

too, he may sell and assign stock in a foreign corporation, and the corporation may voluntarily consent to its transfer by accepting the outstanding certificate and issuing a new one to the purchaser. *Hutchins* v. *State Bank*, 12 Met. 421, 426, 427.

The opposite view doubtless obtains in some of the text-books, and is countenanced by *dicta* in some of our own reports; but the decisions cited by the plaintiff do not, even by way of *dicta*, go the length of holding that a voluntary and completed transfer, like that in this case, is invalid, and the clear law of the country as a whole being in favor of its validity, it is to be so regarded unless prohibited by some positive statutory enactment

It is forcibly argued that *s.* 18, *c.* 201, Gen. Laws, is such an enactment, the section reading as follows: "Any executor or administrator appointed in another state, whose testator or intestate had his domicile there, but owned personal property in this state, upon filing an official certificate of his appointment, and that such property has been inventoried by him as part of the estate of the deceased, in the probate court of the county where such property is, or, if the same be stock in a corporation, in the probate office in the county where such corporation has its principal place of business, and publishing notice of his appointment, may, at any time after three months from the first publication of such notice, if in the meantime administration on the estate of such deceased has not been taken out in said county, sell and transfer such property or stock as if he had been appointed in this state."

But this statute is plainly an affirmative one, and as such has no apparant relation to voluntary deliveries and transfers. It simply enables foreign executors and administrators, by complying with its formalities, to compel unwilling bailees and corporations holding property of the deceased in this state to recognize their title without the expense and inconvenience of administration here; or, in other words, it merely enlarges the rights of such foreign representatives without taking away or in any manner abridging their preëxisting rights or privileges.

The transfer being valid, it is unnecessary to go further. Want of equity, however, would preclude the plaintiff from a recovery. The money paid for the stock went into the hands of the Massachusetts executor as a part of the testator's estate, and the estate having once received payment for the stock by its duly accredited representative, is not equitably entitled to receive payment again; and *a fortiori* from the defendants who derived no benefit from the transaction. Nor does it appear that the non-compliance with the statute has occasioned the plaintiff in interest any loss or damage to which he might not have been subjected had the statute been complied with. In fact the only appreciable difference to him would seem to be that the proceeds of the sale arrived at the same destination by a shorter, quicker, and less expensive route than the statutory one.

Then, again, in making the transfer voluntarily, the defendants did only what they would have been compelled to do had the executor observed the statute formalities; and surely there is no principle of equity that will punish a party for doing what he may be compelled to do, especially when, as here, the effect of his act upon the objector is apparently the same in the one case as in the other.

*Bill dismissed.*

ALLEN, J., did not sit: the others concurred.