IN THE MATTER OF THE ELECTION OF DIRECTORS OF CAPE MAY AND DELAWARE BAY NAVIGATION COMPANY.

1. An executor or administrator, in virtue of section 39 of the General Corporation act (*Rev., p.* 184), is entitled to vote at an election of directors on the stock standing on the books of the corporation in the name of the testator or intestate, and no formal transfer or entry on the company's books is necessary to enable him to do so.

2. An executor or administrator under letters granted at the domicile of the deceased may receive and discharge debts voluntarily paid to him in another jurisdiction; may transfer negotiable choses in action so as to enable the transferee to sue in his own name in the courts of another state, and may receive dividends on and sell and transfer stock in a corporation of another state. These acts he may do for the reason that letters granted at the domicile of the deceased by operation of law vest in the executor or administrator the entire personal estate wherever situate, and the title so derived will be recognized by comity by the courts of another state, unless creditors residing in the latter state have previously intervened and taken out letters for their protection.

3. The foregoing principle applies in the construction of section 39 of the Corporation act, and an executor having letters of probate granted at the testator's domicile, is the holder of stock within the meaning of that section, and on producing before the inspectors of an election

for directors an exemplified copy of such letters is entitled to vote on stock standing in the testator's name on the company's books.

4. Where, at an election of directors, votes wrongfully rejected would have given the persons for whom such votes were tendered merely a majority of the votes offered at the election, the practice is to set aside the election and to order a new election.

5. But where the persons for whom the votes wrongfully rejected were tendered would, with such votes, have had the votes of a majority of all the shares of the capital stock of the company, the court will set aside the election certified and order the admission of those persons who would have been elected if such votes had been received.

On application to set aside an election of directors.

The Cape May and Delaware Bay Navigation Company is a corporation of this state. At an election for directors held May 28th, 1888, two tickets were voted, one of which will be called the Wyckoff ticket, the other the Edmunds ticket. Eighteen hundred shares of the capital stock of the company had been issued and were outstanding. Of this stock one hundred and fifty shares were standing on the company's books in the name of Jonathan Cone. Cone died in Philadelphia on the 11th of October, 1887, leaving a will appointing Rebecca C. Cone and Lorenzo H. Cone executors. The will was duly proved by the executors before the register of wills in Philadelphia, and letters testamentary granted thereon. Lorenzo H. Cone, the executor, produced before the inspectors of election an exemplified copy of the testator's will with letters testamentary upon it, and also a proxy from his co-executrix, and offered to vote upon the one hundred and fifty shares of stock standing in the testator's name. The inspectors rejected the vote. Of the votes received eight hundred and ninety-five were cast for the Wyckoff ticket and seven hundred and fifty-five for the Edmunds ticket. The inspectors certified the election of the Wyckoff ticket. The votes tendered on the Cone stock and rejected were for the Edmunds ticket. If these votes had been received the Edmunds ticket would have had a majority of the votes cast and also the votes upon a majority of the company's capital stock.

Application was made by the persons named on the Edmunds ticket to review the election, pursuant to section 44 of the General Corporation act. *Rev., p.* 184.

Argued at June Term, 1888, before Justices DEPUE, VAN SYCKEL and DIXON.

For the applicants, *S. H. Grey.*

*Contra,* J. A. Benton and *David J. Pancoast.*

The opinion of the court was delivered by

DEPUE, J.   The Cone stock had not been transferred to the executors on the company's books.   It stood there in the testator's name.   The inspectors of the election certify that for that reason they rejected the vote on that stock.

A corporation organized for the purpose of trade or business is an artificial person with perpetual succession, in which is vested the title to property real or personal, the affairs and business of which are managed and transacted by officers as trustees for the stockholders.   The incidents of the ownership of shares of stock are the right to participate in the management of the corporation by the election of officers in the manner prescribed by the charter or by general laws, and to participate in the profits of the business and in the final disposition of the corporate property, and to restrain the diversion of the property of the corporation to purposes other than those for which it was created.   As the means of enabling stockholders to participate in the management of the corporation, section 38 of the General Corporation act provides that each stockholder shall have one vote for each share of the capital stock held by him at all elections for managers or directors, unless otherwise provided in the charter, certificates of stock or by-laws.   *Rev., p.* 184.   Neither the company's charter, nor its certificates of stock, nor its by-laws, contain any provision on this subject, if it should be competent to provide for inequalities in the voting powers of stockholders

by certificates of stock or by-laws, unless the power to make such regulations is conferred by the charter. *Cook on Stock and Stockholders*, § 608. Section 36 makes the books of the corporation the only evidence as to who are the stockholders, and as such entitled to vote at elections. *Rev., p.* 183. As between parties, no other evidence of the transfer of property in the stock will avail against the books upon the question of the right to vote. *Downing* v. *Potts*, 3 *Zab.* 66, 76 ; *In Matter of St. Lawrence Steamboat Co.*, 15 *Vroom* 530. Thus far the act regulates the right of voting where the person who appears by the company's books to be the owner of the stock is living and has neither a guardian nor a trustee. Section 39 makes provision in case of death of the stockholder, or where his property is under the care and control of a guardian or trustee. It enacts that " every person holding stock in any company as executor, administrator, guardian or trustee shall represent the shares of stock in his hands at all meetings of the company, and may vote accordingly as a stockholder."

It is insisted on behalf of the successful ticket that the inspectors of election, in receiving votes, must be controlled entirely by the books of the company, and could not receive the vote on any stock unless the right of the person tendering the vote to cast such vote appears by the books, and that notwithstanding section 39, the executor of a deceased stockholder is not entitled to vote on his testator's stock unless his right to vote as such appears by the books. The statute contains no provision for entries on the books touching a right in respect of stock except for transfers, and the transferee of shares of stock by a transfer entered on the books becomes a stockholder, with the rights and the liabilities of a stockholder, and is entitled to vote as such. The corporation books are evidence of the ownership of the stock by the testator or intestate, and the section in question gives to the executor, administrator, guardian or trustee *virtute officii* the right to vote thereon in his representative capacity, and no formal transfer or entry is necessary to confer this right. *In Matter*

*of North Shore Staten Island Ferry Co.*, 63 *Barb.* 556 ; *Cook on Stock and Stockholders*, § 612.

The testator's domicile at the time of his death was in Pennsylvania. His will was probated in that state, and the letters testamentary produced before the inspectors were issued by the Pennsylvania Court. Shares of stock in a corporation are personal property, and the probate of a will in the courts of the testator's domicile is conclusive with respect to the title to personal property. Although an executor or administrator appointed in the state in which the deceased had his domicile cannot sue in the courts of another state unless authorized to do so by a statute of the latter state (*Noonan* v. *Bradley*, 9 *Wall.* 394), yet he may receive and discharge debts due the deceased voluntarily paid to him in another jurisdiction (*Wilkins* v. *Ellett*, 9 *Wall.* 740, 742 ; *S. C.*, 108 *U. S.* 256, 259) ; may transfer choses in action belonging to the estate of the deceased which are negotiable, so as to enable the assignee to sue in the courts of another state in his own name (*Harper* v. *Butler*, 2 *Pet.* 239 ; *Peterson* v. *Chemical Bank*, 32 *N. Y.* 21, 44; *Mackey* v. *St. Mary's Church*, 1 *New. Eng. Rep.* 141) ; may receive dividends on stock held by the deceased in corporations of another state ; may compel the transfer of such stock to himself, or sell and transfer it to another, if administration has not previously been taken out in the latter state at the instance of creditors. *Hutchins* v. *State Bank*, 12 *Metc.* 421, 426 ; *Middlebrook* v. *Merchants Bank*, 3 *Keyes* 135; *Merrill* v. *N. E. Mutual Insurance Co.*, 103 *Mass.* 245, 248 ; *Luce* v. *M. & L. R. R. Co.*, 2 *New Eng. Rep.* 263. These acts may be done in another state by an executor or administrator under letters granted at the testator's domicile, for the reason that letters granted by the courts of the domicile of the testator or intestate by operation of law vest in the executor or administrator the entire personal estate of the testator or intestate wherever situate, and the title so derived will be recognized by comity by the courts of other jurisdictions, unless creditors residing in such jurisdictions have intervened and taken out letters for their protection. This principle ap-

plies in the construction of the thirty-ninth section of the General Corporation act. An executor taking title under a grant of letters of probate at the testator's domicile is the holder of stock belonging to his testator within the meaning of this section, and is entitled to vote thereon as such.

The letters testamentary issued by the Pennsylvania court were conclusive proof of the executor's title to the stock, and of his right to vote in respect thereof. The votes tendered were wrongfully rejected. If the votes rejected had been received, the Edmunds ticket would have had a majority of all the votes cast, and the votes in favor of that ticket would have represented a majority of all of the shares of the capital stock of the company. Under such circumstances the practice is to set aside the election certified, and to order the admission of those who would have been elected if votes wrongfully rejected had been received. *In Matter of St. Lawrence Co.,* 15 *Vroom* 529, 536.

There will be an order accordingly.