[No. 2795. Decided March 26, 1898.]

SIMON S. WALDO, *Respondent*, v. WALTER J. MILROY, *Appellant*, ABRAM M. HYATT *et al., Respondents.*

ANCILLARY ADMINISTRATION — NECESSITY FOR — ACTION ON NOTE BY ASSIGNEE — EVIDENCE — PLEADING.

The assignee of a foreign administrator may maintain an action in the courts of this state, although no administration has been had in this state upon that portion of the decedent's estate situated here.

In an action in the courts of this state by an assignee of a promissory note and mortgage, which had been assigned to him by a foreign administrator, the record of the foreign court showing the appointment of plaintiff's assignor as administrator is admissible in evidence.

The objection that the complaint in an action by the assignee of a foreign administrator does not sufficiently plead the proceedings had in the probate court of another state should be urged in form of a motion to make the complaint more definite, and not by demurrer.

Appeal from Superior Court, Yakima County.—Hon.
JOHN B. DAVIDSON, Judge. Affirmed.

*R. B. Milroy,* and *Frank H. Rudkin,* for appellant:

Whether an assignee of a foreign administrator can
maintain suit on a chose in action in this state, where the
assignment is absolute, is a much disputed question. That
he cannot, see *Dial v. Gary,* 37 Am. Rep. 737; *Pond v.
Makepeace,* 2 Metc. (Mass.) 114; *Stearns v. Burnham,* 17
Am. Dec. 228; 1 Jones, Mortgages, § 797.

*O. G. Ellis,* and *Bogle & Rigg,* for respondents:

The overwhelming weight of authority conclusively es-
tablishes the right of the assignee of a chose in action from
a foreign executor or administrator to maintain an action
thereon in his name in the courts of the state where the
debtor resides. *Petersen v. Chemical Bank,* 32 N. Y. 21 (88
Am. Dec. 298); *Smith v. Tiffany,* 16 Hun, 552; *Wil-
kins v. Ellett,* 108 U. S. (27 Law. ed.) 256; *Harper v.
Butler,* 2 Pet. (7 Law. ed.) 239; *Mackay v. St. Mary's
Church,* 2 Am. St. Rep. 881; *Riddick v. Moore,* 65 N.
C. 382; *Rand v. Hubbard,* 4 Metc. (Mass.) 258; *Leake
v. Gilchrist,* 2 Dev. 73; *Smith v. Railway Co.,* 23 Wis.
267.

The opinion of the court was delivered by

GORDON, J.—This action was originally commenced in
the name of Lydia Waldo for the foreclosure of a real es-
tate mortgage executed by the appellant Milroy. The re-
spondents First National Bank, Richard Strobach, Nettie
Strobach, E. A. Warriner, A. M. Hyatt and O. W. Bright
were made parties defendant under the allegation that they
had, or claimed, an interest in the premises subsequent to
the mortgage lien. The plaintiff in the action as originally

commenced was a resident of the state of Connecticut. Subsequent to the commencement of the action, upon suggestion of the death of plaintiff, Simon S. Waldo, respondent, was on notice permitted to file an amended complaint, and to prosecute the action in his own name as owner of the note and mortgage. The amended complaint alleges the death of Lydia Waldo, the appointment of one John Waldo as her administrator by a Connecticut court and the assignment of the note and mortgage in suit by such administrator to the respondent. The appellant moved the court to strike the amended complaint, for the reason that it "substitutes a new and different cause of action from that set out in the original complaint." This motion was denied; thereupon the appellant demurred to the complaint upon two grounds; first, that the plaintiff has no legal capacity to sue, and second, that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was overruled, and the appellant answered denying upon information and belief all of the allegations of the complaint excepting that one in which it was alleged that he was an unmarried man. Upon these issues the cause proceeded to trial as between the parties to the controversy in this court, and resulted in a decree in respondent's favor, from which decree this appeal was taken. The first contention of the appellant is that the court erred in denying his motion to strike the amended complaint. We think that contention and the second one, viz., that the court erred in overruling the demurrer to the complaint, may be considered together—they raise substantially the same question. It is appellant's contention that the action abated by the death of Lydia Waldo (the original plaintiff) and that inasmuch as no administrator was appointed by any competent court of this state the assignee of a foreign administrator cannot maintain an ac-

tion. We have in the recent case of *Munson v. Exchange National Bank,* decided March 21, 1898, *ante,* p. 125, determined this question adversely to appellant's contention, and upon the authority of that case conclude that the court did not err in denying the motion to strike and overruling the demurrer to the complaint. The lower court also denied appellant's application for leave to file an amended answer, setting up that if an administrator of the estate of Lydia Waldo had ever been appointed it was by some court without the state of Washington. This was but another form of raising the same contention already passed upon, and the court did not err in refusing leave to amend. We do not think that it was error on the part of the court to receive the record of the Connecticut court showing appointment of respondent's assignor as administrator. The contention of appellant that the complaint did not sufficiently plead the proceedings had in the probate court in Connecticut, if tenable, should have been urged in form of a motion to make the complaint more definite.

No reversible error appearing the judgment is affirmed.

ANDERS, DUNBAR and REAVIS, JJ., concur.