[Civ. No. 1794. First Appellate District.—July 7, 1916.]

UNION TRUST COMPANY OF SAN FRANCISCO (a Corporation), Administrator, etc., Appellant, v. PACIFIC TELEPHONE & TELEGRAPH COMPANY (a Corporation), Respondent.

ESTATES OF DECEASED PERSONS—SURRENDER OF STOCK IN LOCAL CORPORATION TO FOREIGN EXECUTOR — RECOVERY BY SUBSEQUENTLY APPOINTED LOCAL ADMINISTRATOR.—The voluntary surrender by a domestic corporation of stock therein owned by a resident of another state at the time of his death to the foreign domiciliary executor of the deceased, and subsequently to the rightful devisee under the will, prior to any local ancillary administration, constitutes a good defense to an action for the stock brought by the local ancillary administrator against the corporation.

ID.—PERSONAL PROPERTY OUTSIDE OF STATE—TAKING OF POSSESSION BY LOCAL ADMINISTRATOR.—Although the executor or administrator of the domicile cannot maintain a suit in another state to recover per-

sonal property or collect a debt due the estate, yet he may take possession of such property peaceably without suit, or collect a debt if voluntarily paid, and if there is no opposing administration in the state where the property was situated, its courts will recognize his title as rightful, and protect it as fully as if he had taken out letters of administration there; and the voluntary payment of the debt by such debtor under such circumstances would be good, and constitute a defense to a suit by an ancillary administrator subsequently appointed.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge.

The facts are stated in the opinion of the court.

Heller, Powers & Ehrman, for Appellant.

Pillsbury, Madison & Sutro, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in favor of the defendant. The facts as set forth in the brief of appellant are conceded to be correctly stated, and, so far as they are material to the questions of law involved, are as follows: David R. Downer died in the state of New Jersey on March 1, 1911, being then a resident of that state. Thereafter his will was admitted to probate in the courts of New Jersey having jurisdiction of his estate. A part of the property of the estate of the decedent consisted of fifteen shares of preferred capital stock of the defendant corporation, valued at one thousand five hundred dollars. The defendant's office and principal place of business was and is in the city and county of San Francisco. At the time of the death of the decedent the certificates of stock in question were in his possession in the state of New Jersey, and came into the possession of the executor named in his will, who thereafter as such executor surrendered the certificates of said stock to the defendant, which transferred the shares of stock on its books to said executor and issued to him a new certificate for the same. Thereafter the said executor duly indorsed and transferred said stock to Edith A. Barnes, one of the devisees under the will of said decedent, who subsequently surrendered the same to the defendant, which thereupon issued to Edith A. Barnes a new certificate for the stock in question. On July

29, 1913, the courts of New Jersey approved the final accounts and acts of the executor in said estate. Thereafter an exemplified copy of the will of said decedent was admitted to probate by the superior court of the city and county of San Francisco, and ancillary letters of administration with the will annexed issued to the plaintiff, which thereupon demanded of the defendant that it issue to plaintiff, as such ancillary administrator with the will annexed, a certificate for the fifteen shares in question, and this demand being refused, brought this action against the defendant for the possession of said stock.

The trial court from the foregoing facts found in favor of the defendant and entered its judgment accordingly, and from that judgment the plaintiff prosecutes this appeal.

The sole question presented for determination upon this appeal is as to whether the delivery by the defendant of the shares of stock in question to the foreign administrator of the decedent, and also to his devisee entitled thereto, in the absence of prior ancillary administration, and the appointment of the plaintiff as administrator with the will annexed in this state, constitutes a good defense to this action by such ancillary administrator to recover said stock. The appellant chiefly relies for its right to such recovery upon the case of *Murphy* v. *Crouse,* 135 Cal. 14, [87 Am. St. Rep. 90, 66 Pac. 971], as approved in the cases of *Richards* v. *Blaisdell,* 12 Cal. App. 101, [106 Pac. 732], and *McDougald* v. *Low,* 164 Cal. 107, [127 Pac. 1027]. It is pointed out on behalf of the respondent that the case of *Murphy* v. *Crouse* involved a controversy between the domiciliary administrator of a foreign state and the ancillary administrator appointed here as to which had the better right to the possession of the personal property of the decedent; and that in such a case the respondent concedes that the local ancillary administrator has the better right, but insists that such is not the situation in the case at bar, and in support of such insistence directs our attention to the early case of *Brown* v. *San Francisco Gaslight Co.,* 58 Cal. 426, wherein it was held that in the absence of local ancillary administration the foreign administrator of a decedent was entitled to a transfer of the stock of a nonresident decedent in a California corporation without taking out letters here; and that the case of *Brown* v. *San Francisco Gaslight Co.* was considered and distinguished in the case of *Murphy*

v. *Crouse* upon the very ground contended for by the respondent here; and that the two later cases above cited do not undertake to lay down a contrary rule. Our attention has not been called by the appellant to any case in this or other jurisdictions declaring a different rule to that invoked in the case of *Brown* v. *San Francisco Gaslight Co.;* but, on the contrary, the respondent cites a large number of cases from other states wherein the principle for which it contends has found adoption, and in many of which the facts are identical with those of the instant case—notably the cases of *Luce* v. *Manchester & L. R. R. Co.,* 63 N. H. 588, [3 Atl. 618] ; *Hutchins* v. *State Bank,* 12 Met. (Mass.) 421; *In re Cape May etc. Co.,* 51 N. J. L. 78, [16 Atl. 191] ; *Putnam* v. *Pitney,* (*In re Washburn's Estate*), 45 Minn. 242, [11 L. R. A. 41, 47 N. W. 790]. The principle invoked in these cases has been well set forth in the one last mentioned, wherein the court says: "The modern decisions have so far drifted away from former narrow views as to hold almost universally that although the executor or administrator of the domicile cannot maintain a suit in another state to recover personal property or collect a debt due the estate, yet he may take possession of such property peaceably without suit, or collect a debt if voluntarily paid; and that if there is no opposing administration in the state where the property was situated, its courts will recognize his title as rightful, and protect it as fully as if he had taken out letters of administration there; and also that the voluntary payment of the debt by such debtor under such circumstances would be good, and constitute a defense to a suit by an ancillary administrator subsequently appointed."

We think the foregoing embodies a correct statement of the principle declared in the case of *Brown* v. *San Francisco Gaslight Co.,* 58 Cal. 426, and that the cases of *Murphy* v. *Crouse,* 135 Cal. 14, [87 Am. St. Rep. 90, 66 Pac. 971], *Richards* v. *Blaisdell,* 12 Cal. App. 101, [106 Pac. 732], and *McDougald* v. *Low,* 164 Cal. 107, [127 Pac. 1027], are not to be understood as departing from it, or as applicable to cases of the voluntary delivery of the stock of a local corporation to a foreign domiciliary administrator prior to any local ancillary administration, or to cases involving no rights arising out of the inheritance tax laws, or out of the claims of local creditors; and that the defendant herein, having voluntarily surrendered the possession of the stock in question to the

foreign domiciliary executor of the decedent, and subsequently to the rightful devisee under his will prior to any local ancillary administration, has by proof of so doing established a good defense to this action.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 5, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 5, 1916.