In the Matter of the Election of Directors of Associated Automatic Sprinkler Company.

*New Castle, Oct.* 24, 1917.

Where a corporation, holding 2,013 shares of stock in another, disposed of twelve shares thereof, three shares each to four persons, and pursuant to its direction, new certificates were issued to the four assignees, each for three shares, and one to the assignor corporation for 2,001 shares, the judges of the election of directors in the corporation whose stock was assigned improperly refused to allow the corporation, which owned the 2,001 shares, to vote at the election on the ground that it represented shares transferred within twenty days; the transaction in legal effect having been a division of the 2,013 shares into several portions, and not a transfer of all and a re-transfer of part.

A statute of the State of Pennsylvania, not invalidating new certificates of stock where the tax imposed on transfer of shares of stock has not been paid, had no bearing on the right of one corporation holding stock in another to vote for directors of such other, after having assigned twelve of its 2,013 shares previous to the election, taking a new certificate for 2,001 shares.

Where the reason for excluding a corporation from the list of stockholders of another, prepared for and exhibited at a meeting of stockholders to elect directors, was insufficient, and the list exhibited was deceptive, and its falsity in fact would have been disclosed by a properly kept stock ledger, the falsity of the list will not deprive the stockholder corporation of its right to vote its shares.

Where a corporation, stockholder in another, has wrongfully been excluded from voting its stock at an election of directors, the facts being simple and the rights involved clear, the Court of Chancery can grant relief (1) by correcting the return of election to accord with the legal rights of the stockholder corporation, declaring that the four persons named in its ballot were elected; (2) by ordering a new election whereat the ballot should be counted; (3) by ordering the officers of the corporation and the judges of election to correct the return by counting the ballot—such relief not being an invasion of the rule keeping a Court of Chancery from interfering with corporate elections.

PETITION FOR A SUMMARY ORDER for a meeting of stock-holders for the purpose of electing directors. The facts appear in the opinion of the Chancellor.

*Ward, Gray & Neary*, for the petitioner.

*William J. Gilfillan*, of the Philadelphia, Pa., Bar, for the respondent company.

THE CHANCELLOR.   A petition of the Globe Automatic Sprinkler Company was presented on September 26, 1917, to the Chancellor, asking that an order be made for the holding of a stockholders' election for directors of the Associated Automatic Sprinkler Company, which should have been held on June 4, 1917. Thereupon, following the precedents, the petition was set down for hearing, and notice given to the company. On October 2d, the company appeared and an order was made for an election at a time and place named, and that return thereof be made at a fixed time.   See chapter 65, §31, par. 1945, Revised Code of 1915.

Returns were made to the order, one by the persons named at the stockholders' meeting as judges of the election and the other by the president and secretary of the stockholders' meeting. By each return it appeared that no election was held for the reason that a ballot offered by the Globe Automatic Sprinkler Company, through its proxy, for 2,001 of the 2,041 shares of the company outstanding, was invalid and was rejected and that as there were no other ballots offered there was no election.

The objection taken by the judges of the election to the right of the Globe Automatic Sprinkler Company to vote 2,001 shares was not tenable. It was shown that the company prior to October 4, 1917, was the record holder of 2,013 shares of the Associated Automatic Sprinkler Company, and disposed of twelve shares, part thereof, viz: three shares each to four persons; and pursuant to direction of the assignor new certificates were on October 4, 1917, issued to the four assignees each for three shares, and one to the assignor, the Globe Automatic Sprinkler Company, for 2,001 shares. The judges refused to allow the petitioner, the holder of one of these new certificates,

to vote at the election on the ground that it represented shares transferred within twenty days next preceding the time fixed for the holding of the election.

The Globe Automatic Sprinkler Company after, as well as before, the transfer was the owner and holder of 2,001 shares and had made no transfer thereof, and had only transferred the twelve shares of which it had disposed of. In legal effect there was a division of the 2,013 shares into several portions, and not a transfer of all, and a re-transfer of part, whatever may have been the bookkeeping or other device adopted by the transferring company in making the division. This is so obvious that authority need not be sought or cited therefor. But see 2 *Clark & Marshall on Corporations*, §378, p 1160; *Id.* §424, p. 1334.

Another equally untenable objection, and a frivolous one, given for refusing to accept the vote was the statement that the tax imposed by the State of Pennsylvania on transfers of shares of stock had not been paid at the time the new certificates were issued. But there is nothing in the Pennsylvania statute which invalidates the new certificates, or pretends to affect the ownership of the shares retained by the transferor, for the only sanctions imposed for omitting payment of the tax are punishment of both buyer and seller, and a declaration that the new certificate cannot be offered in evidence in any court of the State of Pennsylvania. This statute has, therefore, no bearing on the case.

Another reason stated for not holding an election by counting the ballot of the Globe Automatic Sprinkler Company was that it did not appear by the name of the Globe Automatic Sprinkler Company on the list of stockholders prepared for and exhibited at the meeting. But inasmuch as the reason given for excluding it therefrom was insufficient, and as the list exhibited was deceptive, and its falsity in fact would have been disclosed by a properly kept stock ledger, the falsity of the list in law will not deprive the stockholder of its right to vote the 2,001 shares which it had held and owned, and which had been in law transferred to it more than twenty days before the meeting.

Inasmuch as the order for an election has not been complied with, what step should next be taken to secure to the petitioner the rights which it has to vote the shares at an election?

In this case the facts are so simple, and the rights so clear as shown by admitted facts, that the court should without hesitation grant relief, without making a precedent for less obviously clear cases. Three courses are open to this court: (1) Correct the return to accord with the legal rights of the petitioner and declare that the four persons named in the ballot of the petitioner were elected. (2) Order a new election, whereat the ballot should be counted. (3) Order the officers of the Associated Automatic Sprinkler Company and the judges of the election to correct the return by counting the ballot.

The jurisdiction given by the statute to the Chancellor to order an election presumably gives authority to enforce an order, and if it appear that no election was held for an insufficient reason, as that the only ballot offered was invalid, whereas it was by the return shown to be a valid one, the arm of this court is surely long enough to obtain an election by counting the tendered ballot. This is not an invasion of the rule which keeps a Court of Chancery from interfering with corporate elections. It is an exercise of power to enforce the holding an election which should have been held, and which would have been held if the ballot in question had been counted. The following cases were cited, though their bearing is indirect only. *In re Cape May, etc., Co.*, 51 *N. J. Law*, 78, 83, 16 *Atl.* 191; *In re St. Lawrence, etc., Co.*, 44 *N. J. Law*, 529, 538; *Jonhston v. Jones*, 23 *N. J. Eq.* 216, 226.

Inasmuch, therefore, as it appears from the return of the officers of the Automatic Sprinkler Company, and of the judges of the election, that the ballot for 2,001 shares was a legal ballot and should have been counted, and if counted the four persons named in the ballot would have been elected, the proper order to be made is to order that a new return be made and returned showing the counting of the ballot and the election of the four persons named therein.

Note. An amended return was subsequently submitted to the Chancellor by the judges of the election, as ordered by the court, wherein the judges of election reported having counted the ballot of the Globe Automatic Sprinkler Company for 2,001 shares for the four persons voted for by it for directors, and declared the four persons elected as such.

This amended return was accepted and confirmed by the Chancellor, and the costs of the proceeding taxed against the Associated Automatic Sprinkler Company.