[No. 14520.   Department One.   February 5, 1918.]

LEROY B. WAY, *Respondent*, v. INTERNATIONAL
PORTLAND CEMENT COMPANY, *Appellant*.[1]

CORPORATIONS—TRANSFER OF SHARES.   Under Rem. Code, § 3693, making transfer of stock ineffectual until entered upon the books of the company, a corporation domiciled in this state cannot object to entering a transfer from foreign executors and trustees under a will admitted to probate in a foreign country, although .there was no administration or proof of no debts in this state, in the absence of any claim to the shares of stock timely made by an administrator or trustee.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered August 6, 1917, in favor of the plaintiff, upon sustaining a demurrer to the complaint, in an action on contract.   Affirmed.

*Hartman & Hartman,* for appellant.

*Tolman & King,* for respondent.

PARKER, J.—The plaintiff, Way, commenced this action in the superior court for Spokane county, seeking a judgment and order of that court directing the defendant cement company to enter upon its books a transfer of certain shares of its capital stock made to him by the executors and trustees under the will of Robert Leitch, deceased, who was the owner of the shares at the time of his death.   The defendant demurred to the plaintiff's complaint upon the sole ground that the facts therein alleged do not constitute a cause of action.   The demurrer was overruled by the court, and the defendant electing to not plead further, judgment was rendered against it as prayed for, from which it has appealed to this court.

The controlling facts may be summarized as follows: Appellant is now, and at all times here in question has

[1]Reported in 170 Pac. 553.

been, a corporation, existing under the laws of this
state, with its principal place of business in Spokane
county.  On October 17, 1911, Robert Leitch became the
owner of certain shares of the capital stock of appel-
lant, which ownership was duly evidenced by the books
of appellant and by certificates in usual form then is-
sued and delivered to him.  On June 27, 1912, he died
in the county of Renfrew, Province of Ontario, Can-
ada, he being then, and for a long time prior thereto, a
resident of that county.  He never was a resident of
this state.  He left a will by which he bequeathed to his
executors and trustees named therein the shares of
stock here in question in trust for certain purposes,
and directed them to convert the same into money to
the end that the trust be carried out.  He appointed as
executors and trustees to carry out the provisions of
his will James B. Leitch and Robert L. Jamieson, of
that county.  The will was duly admitted to probate in
the surrogate court of that county, and thereupon the
executors and trustees named in the will became the
duly qualified and acting executors and trustees under
the will.  No administration of the estate of Robert
Leitch, deceased, has ever been had or asked for in the
courts of this state.  On July 10, 1917, for a valuable
consideration and in pursuance of the authority con-
ferred by the will, the executors and trustees duly as-
signed in writing and delivered to respondent Way
the certificate of shares of stock here in question.  On
July 16, 1917, respondent presented to the proper of-
ficers of appellant the certificate of shares of stock and
the assignments thereof so made by the executors and
trustees, together with a duly certified copy of the will
of Robert Leitch and the probate thereof in the su-
perior court for Renfrew county, Ontario; and also due
proof of the payment of the inheritance tax due to this
state upon the shares of stock; and demanded that the

transfer of the shares of stock to him by the executors and trustees be entered upon the books of appellant as provided by Rem. Code, § 3693. This demand was refused by the officers of appellant upon the sole ground that no administration had been had upon the estate of Robert Leitch, deceased, in the courts of this state.

Is respondent entitled to have the transfer of the shares of stock made to him by the executors and trustees under the will of Robert Leitch entered upon the books of appellant and to be recognized by appellant as the owner of the shares of stock? It is contended in appellant's behalf, in substance, that it cannot safely make such entry of transfer and recognize respondent's ownership of the shares of stock, because the will of Robert Leitch, deceased, has not been admitted to probate in the courts of this state and it has not been judicially determined in the courts of this state that there are no creditors of Robert Leitch residing therein who may be entitled to look to the shares of stock in satisfaction of their claims. It is rendered plain from the contentions here made in appellant's behalf that it has no interest in this controversy other than to protect itself from the claims of persons who might assert some interest in the shares of stock as creditors of Robert Leitch, deceased, through administration proceedings in the courts of this state. This is not a case wherein appellant is claiming an interest in the shares of stock either for itself or in any representative capacity, such as administrator of the estate of Robert Leitch appointed by a court of this state; nor is it a case wherein appellant is as yet menaced with any such claim by any other person.

The argument made in appellant's behalf proceeds upon the theory that the situs of these shares of stock is in this state because appellant is a corporation of this state, and that, therefore, the shares of stock are

not capable of being transferred by these foreign executors and trustees so as to give to respondent good title thereto capable of being enforced in our courts. A claim to these shares of stock by an administrator appointed by our courts to administer the estate of Robert Leitch, deceased, if timely made, would, as it seems to be the law, have to be recognized by appellant in preference to the claim of respondent as assignee of these foreign executors and trustees. But in the absence of any such claim, timely made, we think respondent has the right to have the transfer of these shares of stock made to him by these foreign executors and trustees, entered upon the books of appellant and have it thereby recognize his ownership thereof, even though the situs of the shares is in this state.

In *Brown v. San Francisco Gas & Light Co.*, 58 Cal. 426, under a statute in substance the same as § 3693, Rem. Code, requiring the entering upon the books of a corporation of a transfer of its stock in order to render such transfer valid except as between the parties, it was held that it was unnecessary to have letters of administration issued in that state in order to obtain a transfer upon the books of the defendant corporation of stock which had been assigned by a foreign administrator of the deceased owner. This holding was adhered to by that court in *Murphy v. Crouse,* 135 Cal. 14, 66 Pac. 971, 87 Am. St. 90, where it was held, however, that such transfer was not good as against the claims of an administrator appointed by the courts of that state prior to such transfer and presentation to the officers of the corporation for the entry thereof upon its books. In *Putnam v. Pitney,* 45 Minn. 242, 47 N. W. 790, 11 L. R. A. 41, we have one of the best statements of the law applicable to situations such as is here involved to be found in the books. Judge Mitchell, speaking for the court in that case, said:

"The modern decisions . . . . have so far drifted away from former narrow views as to hold almost universally that, although the executor or administrator of the domicile cannot maintain a *suit* in another state to recover personal property or collect a debt due the estate, yet he may take possession of such property peaceably without suit, or collect a debt if voluntarily paid; and that, if there is no opposing administration in the state where the property was situated, its courts will recognize his title as rightful, and protect it as fully as if he had taken out letters of administration there; also that the voluntary payment of the debt by the debtor under such circumstances would be good, and constitute a defence to a suit by an ancillary administrator subsequently appointed in the domicile of the debtor. It is also now the generally-accepted doctrine that, while such executor or administrator cannot sue in another state on a promissory note or other chose in action, yet he may sell or assign it, and his assignee may maintain a suit on it in his own name; the difficulty, it is said, being the disability of the administrator to sue in another state, and not any defect of his title. *Harper v. Butler*, 2 Pet. 239; *Wilkins v. Ellett*, 9 Wall. 740, s. c. 108 U. S. 256 (2 Sup. Ct. Rep. 641); *Williams v. Storrs*, 6 John. Ch. 353; *Doolittle v. Lewis*, 7 John. Ch. 45; *Vroom v. Van Horne*, 10 Paige 103; *Petersen v. Chemical Bank*, 32 N. Y. 21; *Rand v. Hubbard*, 4 Met. 252; *Denny v. Faulkner*, 22 Kan. 89."

In *Union Trust Co. of San Francisco v. Pacific Tel. & Tel. Co.*, 31 Cal. App. 64, 159 Pac. 820, it was held that the voluntary surrender by a domestic corporation of stock therein owned by a resident of another state at the time of his death, to the foreign domiciliary executor of the deceased and subsequently to the rightful devisee under the will prior to any local ancillary administration, constituted a good defense to an action for the stock brought by the subsequently appointed local ancillary administrator against the corporation. A petition for rehearing of that case in the supreme court of California was denied by the supreme court,

which we assume was in effect an affirmance of the decision by that court. The Iowa court in *In re Williams' Estate,* 130 Iowa 553, 107 N. W. 608, announced the same rule, citing numerous authorities in support thereof. Our own decisions in *Munson v. Exchange Nat. Bank,* 19 Wash. 125, 52 Pac. 1011, and *Waldo v. Milroy,* 19 Wash. 156, 52 Pac. 1012, are in harmony with this view, though those decisions had under consideration the transfer of negotiable promissory notes by foreign administrators and the suing thereon by the transferee in the courts of this state, there being no administration of the estate of the deceased in the courts of this state. The only possible distinction between those cases and the one before us is that our statute, Rem. Code, § 3693, makes the transfer of stock ineffectual, except as between the parties, until ''entered upon the books of the company;'' while of course the transfer of a negotiable promissory note is not so conditioned. This may suggest a difference as to the situs of shares of stock from that of negotiable promissory notes, but that, as we have seen, would not affect the rights of respondent here in question.

We conclude that appellant will be fully protected in entering the transfer of these shares of stock from the executors and trustees under the will of Robert Leitch to respondent as demanded by him, as against all future claims of possible creditors of his estate residing in this state, there being no administration of his estate in the courts of this state.

The judgment is affirmed.

ELLIS, C. J., FULLERTON, and MAIN, JJ., concur.

WEBSTER, J., took no part.