JOSHUA M. ADDEMAN *et al.*, Executors, *vs.* REBECCA R.
RICE *et als.*

A testator by his will and codicils gave specific and pecuniary legacies.

By the fifth clause of the will he gave to his wife in lieu of dower an undivided half of the "rest and residue" of his estate.

The first clause of the first codicil, after reciting that the testator had by the fifth clause of his will given an undivided half of his "residuary estate" to his wife, that since the making of the will he had conveyed to her his homestead estate, and that he did not intend to give her too large a share of his estate, proceeded: "Now, therefore, . . . . my will is, that my said wife shall have, hold, take and receive one undivided third part of my said residuary estate . . . . free and clear from all debts, legacies, expenses of administration and other charges, instead of the one undivided half part of my said residuary estate given . . . . to my said wife in and by the said fifth clause of my said will, and the said undivided third part of my said residuary estate hereby given, devised and bequeathed to my said wife shall be . . . . in lieu of her right of dower and not otherwise."

By the second clause of the first codicil the testator declared his will to be "that the remaining undivided two thirds of my said residuary estate . . . . shall, after the payment of my debts, legacies, funeral expenses and expenses of administration therefrom, be and hereby are given, devised and bequeathed to my said son . . . . and to my daughter . . . . share and share alike."

*Held*, that by the words "residuary estate" in the first codicil, the testator meant the residue of his estate after the delivery of the specific legacies, and that the testator's wife was entitled to an undivided third of such residue exonerated from the payment of debts, pecuniary legacies, expenses of administration and other charges.

BILL IN EQUITY for instructions.

The fifth clause of the will of Fitz James Rice, dated September 22, 1875, following gifts of a pecuniary and specific legacies is as follows:

"Fifth. Of the rest and residue of my estate, real and personal, I give, devise and bequeath one undivided half part thereof to my said wife, Rebecca R. Rice, To have and hold the same to her, her heirs and assigns forever; the same to be in lieu of dower."

A codicil to the will, dated June 2, 1885, contains the following clauses:

"FIRST. Whereas I have in the FIFTH CLAUSE of my said Will given, devised and bequeathed one undivided half part of my residuary estate to my wife, Rebecca R. Rice, her heirs

and assigns forever, the same being in lieu of dower, and whereas since the making of said Will I have conveyed to my said wife my homestead estate on the Southerly side of Broad Street in said City of Providence, where we both reside at present, and whereas I do not intend to give my said wife too large a share of my estate, Now, Therefore, I do hereby order and declare, and my will is, that my said wife shall have, hold, take and receive one undivided third part of my said residuary estate and property in fee simple and absolute property, free and clear from all debts, legacies, expenses of administration and other charges, instead of the one undivided half part of my said residuary estate given, devised and bequeathed to my said wife in and by the said FIFTH CLAUSE of my said Will, and the said undivided third part of my said residuary estate hereby given, devised and bequeathed to my said wife, shall be held, taken and received by her in lieu of her right of dower, and not otherwise.

"SECOND. Whereas I have in the SIXTH CLAUSE of my said Will given, devised and bequeathed the rest and residue of my estate, both real and personal, of which I may die seized and possessed, after the payment of my debts and expenses of administration, to Joshua M. Addeman and George A. Smith, both of said Providence, in fee and in trust for the uses and purposes therein set forth, Now, therefore, I do hereby annul and declare to be void and of none effect whatsoever said Sixth Clause of my said Will, and do declare, and my Will is, that the remaining undivided two thirds of my said residuary estate, both real and personal, shall, after the payment of my debts, legacies, funeral expenses and expenses of administration therefrom, be and hereby are given, devised and bequeathed to my said son George A. Rice, and to my daughter Lucy Maria Hayward, wife of William S. Hayward, in fee simple and absolute property, share and share alike."

By a second codicil, dated September 27, 1889, the testator gave other legacies pecuniary and specific.

*March* 20, 1895. MATTESON, C. J. The purpose of the first clause of the first codicil was to reduce the share of the

estate given to his wife by the testator in his will.    He
recites in it the gift in the fifth clause of the will of an un-
divided half of his residuary estate to her in the will in lieu
of dower; that since the making of the will he had conveyed
to her his homestead estate ; his intention not to give to her
too large a share of his estate, and thereupon declares his
will to be that she shall have an undivided third of his resid-
uary estate ; then, as if thinking the reduction to one third
too large a reduction, adds that it is to be " free and clear
from the payment of all debts, legacies, expenses of adminis-
tration and other charges." This language is explicit.    The
intention is too plain to be overborne by any argument of a
contrary intention derived from the use of the word " residu-
ary." Of course, a residue is necessarily what is left after
something has been taken out, and as used in a will is ordi-
narily what remains after the payment of debts, funeral
charges, expenses of administration and legacies; but it is com-
petent for the testator to exonerate a particular portion of his
estate from the payment of these or any of them, and to charge
them on other portions of his estate, so that the question in
such cases resolves itself into one of the testator's intention.
In the present case the intention of the testator is sufficiently
plain, so that, if it were necessary, we should feel warranted
in rejecting the word " residuary " as having been inaptly
or inadvertently used ; perhaps because the estate given to
Mrs. Rice in the will had been described as an undivided half
of the *rest* and *residue* of the testator's estate ; for not only
is the interest which she is to take by the codicil to be free
and clear from all debts, legacies, funeral expenses, expenses
of administration and other charges, but the gift of the re-
maining two thirds of the testator's estate to his son and
daughter is made expressly " after payment of debts, lega-
cies, funeral expenses and expenses of administration there-
from."

. But it is not necessary to reject the word "residuary.
Effect may be given to it by holding that the specific legacies
given in the will are to be first taken out of the estate and
that the residue thus created is the residuary estate of which

an undivided third is given to his widow. The testator in exonerating the share given to her from the burdens specified had in contemplation merely what would have to be paid out for these purposes, and, therefore, meant to include in the word legacies pecuniary legacies only, and not specific legacies, and accordingly described the estate which remained outside of the specific legacies as residuary estate.

We are of the opinion, therefore, and instruct the complainants :

1. That Mrs. Rice is entitled to one undivided third of the testator's entire personal estate, after delivery of the specific legacies.

2. That the testator's debts, funeral expenses, expenses of administration and pecuniary legacies are to be paid out of the residuum after delivery of the specific legacies and the payment to Mrs. Rice of her undivided third of the estate as stated.

3. That the respondents George A. Rice and Lucy M. Hayward are entitled in equal shares to what shall remain after the delivery and payments mentioned in the two preceding clauses have been made.

4. That the complainants shall apply and distribute the fund in their hands to the payments and in the order specified, except that if the sums which would otherwise be paid to George A. Rice and Lucy M. Hayward shall be insufficient for the payment of the testator's debts, funeral expenses and expenses of administration, these sums shall be first applied to such payment and sufficient money shall be taken from the share of Mrs. Rice to make up any deficiency.

*Stephen O. Edwards & Walter F. Angell,* for complainants.

*Joseph C. Ely & Herbert Almy,* for Rebecca R. Rice and others.

*John F. Lonsdale & Joseph S. G. Cobb,* for George A. Rice.

*Stephen A. Cooke & Louis L. Angell,* for William S. Hayward and wife.