US 288
Ed 1041

[S. F. No. 375.   Department One.—June 17, 1897.]

# In the Matter of the Estate of JELLIS CLUTE WILMERDING, Deceased.

Constitutional Law—Collateral Inheritance Tax.—The act of March 23, 1893, imposing a tax of five dollars on every hundred dollars of the market value of property collaterally inherited, bequeathed, or devised, where its value exceeds five hundred dollars, is constitutional and valid.

Id.—Right of Inheritance—Testamentary Disposition — Legislative Control—Condition—Contribution to State.—The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition, are entirely statutory, and within the control of the legislature; and the same legislative authority that confers the right or privilege of inheritance or of testamentary disposition may attach to it the condition that a portion of the estate so received shall be contributed to the state.

Id.—Classification of Heirs—Construction of Code—"Inheritance" and "Taxation" Distinct Subjects.—Section 1386 of the Civil Code does not make a classification of heirs with reference to any legislative object; and "inheritance" and "taxation" have no necessary connection as subjects of legislation, and the legislature having plenary authority in reference to each of these subjects, is not required to consider them together, nor to shape its legislation concerning one with reference to the other, nor to observe the same classification for purposes of taxation that is made for purposes of inheritance.

Id.—Exemption of Small Estates—Taxation According to Value—Excise Tax— Legislative Discretion.—The provision exempting estates valued at less than five hundred dollars, from the collateral inheritance tax is valid, and the constitutional provision that all property shall be taxed in proportion to its value, is inapplicable to such a tax, which is in the nature of an excise tax, the right to impose which

includes the right to select the subjects upon which it shall be imposed, and there being no constitutional provision that such a tax shall be imposed upon every inheritance, the judgment of the legislature that it is in the public interest that the collateral inheritance tax shall be imposed only upon such inheritances as exceed five hundred dollars in value is not open to review.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing executors to pay a collateral inheritance tax. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*Edward J. McCutchen,* and *Page, McCutchen & Eells,* for Appellant.

The act imposing the collateral inheritance tax makes an arbitrary classification and exemption, and is unconstitutional and void. (Const., art. I, sec. 11; art. IV, sec. 25; Civ. Code, sec. 1386; *Bloss* v. *Lewis,* 109 Cal. 493; *Turner* v. *Siskiyou County,* 109 Cal. 332; *Bruch* v. *Colombet,* 104 Cal. 347; *Darcy* v. *Mayor etc.,* 104 Cal. 642; *Welsh* v. *Bramlet,* 98 Cal. 219; *Eaton* v. *Brown,* 96 Cal. 371; 31 Am. St. Rep. 225; *Dougherty* v. *Austin,* 94 Cal. 601; *Pasadena* v. *Stimson,* 91 Cal. 249; *Ex parte Clancy,* 90 Cal. 558; *Miller* v. *Kister,* 68 Cal. 142; *Pollock* v. *Farmers' Loan etc. Co.,* 157 U. S. 429, 596; *State* v. *Ferris,* 53 Ohio St. 314; *Curry* v. *Spencer,* 61 N. H. 624; 60 Am. Rep. 337; *State* v. *Mann,* 76 Wis. 469; *State* v. *Gorman,* 40 Minn. 232.)

*W. S. Barnes,* and *Elliott McAllister,* for Respondent.

The legislature has the entire legislative power of the state, and may make laws at its discretion. (Const., art. IV, sec. 1; Cooley's Constitutional Limitations, 6th ed., sec. 104.) The collateral inheritance tax is within the power of taxation at the discretion of the legislature, and is in the nature of a valid excise tax upon the privilege of taking or receiving property under wills and intestate laws. (Cooley's Constitutional Limitations, 6th ed., 587, 607, 608; Dos Passos on Inher-

itance Tax, 31; *Minot* v. *Winthrop,* 162 Mass. 113;
*State* v. *Alston,* 94 Tenn. 674; *State* v. *Ferris,* 53 Ohio
St., 314; *Eyre* v. *Jacob,* 14 Gratt. 422, 428; 73 Am.
Dec. 367; *Tyson* v. *State,* 28 Md. 577; *Mager* v. *Grima,*
8 How. 490; *In re McPherson,* 104 N. Y. 306; 58 Am.
Rep. 502; *State* v. *Hamlin,* 86 Me, 495; 41 Am. St. Rep.
569.) The legislature has power to discriminate.
(*Darcy* v. *Mayor etc. of San Jose,* 104 Cal. 645.) It had
power to make the five hundred dollars exemption.
(*State* v. *Alston supra; State* v. *Ferris, supra; Pollock* v.
*Farmers' Loan etc. Co.,* 157 U. S. 429; *Curry* v. *Spencer,*
61 N. H. 624; 60 Am. Rep. 337.)

HARRISON, J.—The decedent, by his last will and tes-
tament, left various legacies to his brothers and sisters,
and also a legacy of two hundred thousand dollars to
his nephew, Henry W. Payne. Upon proceedings
therefor in the superior court of the city and county of
San Francisco, by virtue of the act commonly known as
the act providing for a collateral inheritance tax, passed
March 23, 1893 (Stats. 1893, p. 193), it was determined
that the value of the legacy was one hundred and forty-
eight thousand nine hundred and ninety-nine dollars
and thirty-four cents, and thereupon the court made an
order directing the executors to pay to the treasurer of
the city and county the sum of seven thousand four
hundred and forty-four dollars and ninety-six cents, as
and for the tax upon this legacy. From this order the
executors have appealed.

The act under which the order appealed from was
made is entitled "An act to establish a tax on collateral
inheritances, bequests, and devises, to provide for its col-
lection, and to direct the disposition of the proceeds."
Section 1 of the act declares: "After the passage of this
act all property which shall pass by will, or by the in-
testate laws of this state, from any person who may die
seised or possessed of the same while a resident of this
state . . . . to any person or persons . . . . 'other than
to or for the use of his or her father, mother, husband,

wife, lawful issue, brother, sister, the wife or widow of a son, or the husband of a daughter, or any child or children adopted as such in conformity with the laws of the state of California, and any lineal descendant of such decedent born in lawful wedlock, or the societies, corporations, and institutions now exempted by law from taxation,' . . shall be subject to a tax of five dollars on every hundred dollars of the market value of such property, to be paid to the treasurer of the proper county, as hereinafter defined, for the use of the state, and all administrators, executors, and trustees shall be liable for any and all such taxes until the same shall have been paid as hereinafter directed; provided, that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax."

Similar statutes have been enacted in other states, and, with the exception of New Hampshire, have been sustained by the courts in those states upon the ground that the charge thus imposed is in the nature of an excise tax or a tax upon the right of succession, and is within the constitutional power of the legislature. (*State* v. *Hamlin*, 86 Me. 495; 41 Am. St. Rep. 569; *Minot* v. *Winthrop*, 162 Mass. 113; *Hoffman's Estate*, 143 N. Y. 327; *Strode* v. *Commonwealth*, 52 Pa. St. 181; *State* v. *Dalrymple*, 70 Md. 294; *Eyre* v. *Jacob*, 14 Gratt. 422; 73 Am. Dec. 367; *State* v. *Alston*, 94 Tenn. 674. See, also, *United States* v. *Perkins*, 163 U. S. 625.) The principles upon which the tax is upheld have been so fully and clearly elaborated in the above cases that it is necessary to do no more than refer to the cases. The right of inheritance, including the designation of heirs and the proportions which the several heirs shall receive, as well as the right of testamentary disposition, are entirely matters of statutory enactment, and within the control of the legislature. As it is only by virtue of the statute that the heir is entitled to receive any of his ancestor's estate, or that the ancestor can divert his estate from the heir, the same authority which

confers this privilege may attach to it the condition
that a portion of the estate so received shall be contrib-
uted to the state, and the portion thus to be contributed
is peculiarly within the legislative discretion.

The appellants do not contest the power of the legis-
lature to pass an act providing for a tax upon inherit-
ances and legacies, but they contend that the provision
of the act under consideration, by which the tax is im-
posed upon the inheritances of the children of a de-
ceased brother or sister, while the inheritance of the
surviving brothers and sisters is exempted from the
tax, contravenes the constitution of this state, in that it
is applicable only to a special class of persons, arbi-
trarily selected from others standing in the same re-
lation to the subject of the law. In support of this
contention they rely upon the fact that by subdivision
3 of section 1386 of the Civil Code the legislature has
provided that in cases of intestacy the estate of the
decedent shall in certain instances go "in equal shares
to the brothers and sisters of the decedent, and to the
children of any deceased brother or sister by right of
representation," and they argue that the legislature has
thus created an inheritable class, all the persons of
which stand in the same relation to the estate of the de-
cedent, and that so long as this classification remains
upon the statute book there can be no discrimination
in the burdens imposed upon the members of this class.
The appellants do not contend in their argument that
there is any limitation upon the power of the legislature
to impose a tax upon a legacy without regard to the
kinship of the legatee to the testator, but their argu-
ment is directed to the want of power in the legisla-
ture to make a discrimination in the successions to
those dying intestate.

Section 1386 of the Civil Code does not purport to be
legislation for the heirs of an intestate, or to make a
classification of the heirs with reference to any legis-
lative object. The subject matter to which the legisla-
tion is directed by this section, and for which the sec⸳⸳⸳n

was enacted, is the estate of a person dying intestate and the designation of the persons who shall succeed thereto, under the various conditions liable to exist at his death. The fact that the children of a deceased brother or sister are, in one of these conditions, placed in the same subdivision with the surviving brothers and sisters, is due to the form in which the section is arranged, and is merely incidental to its purpose. By the provisions of the second sentence in subdivision 2 of the section, the children of a deceased brother or sister, under certain contingencies, succeed to the estate, in connection with a surviving husband or wife, and the same argument which is presented by the appellants herein would make them members of another class, thus showing that it was not the intention of the legislature by this section to classify the successors to an estate, but merely to declare the individuals upon whom the title would devolve under different conditions. If the legislature had made a special subdivision of the section in which provision was made for the conditions under which the children of a deceased brother might inherit, there would have been no room for the argument of the appellants, but the section must be read as a whole, and, when it appears therefrom that there are several contingencies upon which their right to inherit arises, the argument for a classification of heirs falls to the ground.

There is, however, no necessary connection between inheritance and taxation, and, in making laws relating to these two subjects, the legislature is not required to consider them together. Having plenary authority in reference to each, it is not required to shape its legislation concerning one in the form or with any regard to the manner in which it has shaped it concerning the other. In determining the mode in which the estate of one dying intestate shall be distributed, or designating the persons who shall succeed to his estate, the legislature did not in any respect impair its right to distribute the burdens of taxation, or to determine the classes by which that burden shall be borne. When

that body determined to impose a tax upon the right of inheritance, it was not limited in the imposition of such tax to the inheritance of any particular heir, nor was it required to impose the tax in accordance with the mode in which it had provided for the succession to the estate. The fact that in making provision for succession it has placed relatives of different degrees to the deceased in the same class of successors, did not require it to observe the same classification in legislating for a purpose entirely distinct from inheritance. Under its plenary power to designate the kindred of the decedent upon whose right of succession it was proper to impose a tax for the privilege of enjoying this right, it had the right to select the nephews of the decedent, and was not precluded from so doing by the fact that it had declared that in certain contingencies they should share in the estate equally with a surviving brother. If the legislature had provided that the inheritance of every heir of the decedent, except those within the third degree, should be subject to the tax, there would have been no room for the contention of the appellants. Such classification would have been in accordance with a natural distinction and upon a matter in which classification is permissible. The act is none the less valid because, instead of designating the class of persons to whom it applies, it excludes from its operation those that do not fall within that class.

It is also contended that the act is invalid, for the reason that it exempts from the tax "estates which may be valued at a less sum than five hundred dollars." The estates which are thus exempt are not the estates of the decedents which are less than five hundred dollars in value, but the "estates" taken by inheritance or devise which, under the provisions of the act, are "valued" at less than that sum. (*Hoffman's Estate, supra.*) As this tax is not upon property, but upon the right of succession, the constitutional provision that all property shall be taxed according to its value is inapplicable. The right of the legislature to impose an excise tax

includes the right to select the subjects upon which it shall be imposed. In the law under consideration, that body has determined that it is in the public interest that this tax shall be imposed upon the inheritances which exceed five hundred dollars in value. There is no constitutional requirement that it shall be imposed upon every inheritance, and the judgment of the legislature in that respect is not open to review by the courts. It may have considered that, as the tax upon an estate of less than that amount would be greatly absorbed in the expense of valuing it as required by the act, it was wise to provide for the exemption. Similar exemptions have been made in the statutes of other states, and we are not aware that they have ever been held invalid.

The order is affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.

Hearing in Bank denied.

BEATTY, C. J., dissented from the order denying a hearing in Bank.