ALONZO J. NICKERSON, Exr., vs. ALEXANDER E. BRAGG et al.

PROVIDENCE—MAY 11, 1899.

PRESENT : Matteson, C. J., Stiness and Rogers, JJ.

(1) Pecuniary Legacies. Abatement.

A will bequeathed a sum of money to two parties, with the provision that the income thereof should go to another during life:—

Held, that the bequest was not strictly an annuity, but the temporary income of a pecuniary legacy.

Held, further, that a mere diversion of income for a time cannot change the character of a pecuniary legacy.

Held, further, there being nothing in the will to show an intention to give the sum without abatement, the bequest must abate with other general pecuniary legacies.

Semble, when there is a deficiency of assets, annuities must abate ratably with pecuniary legacies, if there is nothing in the will to show a contrary intention. Citing Richardson v. Bowen, 18 R. I. 138.

(2) Lapsed Bequests.

A lapsed legacy, unless specifically bequeathed by the will, falls into the residue of the estate without provision therefor contained in the will.

(3) Bequest of Residue.

The gift of a residue is subject to the precedent claims of the estate. Upon deficiency of assets the amount thereof will go to the fund for the general pecuniary legacies.

BILL IN EQUITY for instructions. Heard on bill.

STINESS, J. The will in question gives pecuniary legacies to the amount of $7,700. The funds in the hands of the executor are not enough to pay them in full, and the executor asks for instructions.

The fourth clause of the will gives to Dorcas H. Thayer "the interest of $1,000, to be paid to her semi-annually, or

oftener, during the term of her natural life; and at her decease $500 of the above-named $1,000 shall be paid to the Treasurer of the American Bible Society with which the Methodist Episcopal Church is connected, and the remaining $500 shall be paid to the treasurer of the New England Southern Conference Missionary Society, auxiliary to the Missionary Society of the Methodist Episcopal Church, incorporated by the legislature of the state of New York, for the use of said society."

Two legacies, of $100 each, are given by the seventh clause to persons who died before the testatrix, and the clause provides: "If any of the persons named above in this seventh item be not living at the time of the settlement of my estate, then the share of that person or persons shall be placed with the remainder of my estate."

The questions are:

First. Whether the legacy to Mrs. Thayer must abate *pro rata* with the other legacies, or whether the sum of $1,000 shall be set aside for her, regardless of the other legatees?

Second. Whether the other legacies specified in said will shall abate *pro rata*?

Third. What shall be done with the legacy bequeathed to Mrs. Mary Cobb, who died before the testatrix?

(1) As to the first question, the general rule was stated in *Richardson* v. *Bowen*, 18 R. I. 138, that, when there is a deficiency of assets, annuities must abate ratably with pecuniary legacies, if there is nothing in the will to show a contrary intent. The bequest in this case is not strictly an annuity, but the temporary income of a pecuniary legacy. The gift of a sum of money is made to two parties, with the provision that its income shall go to another during life. If the gift stood alone, there can be no question that it would abate; and the mere diversion of income for a time cannot change the character of the legacy. Hence, under the rules of both annuities and general pecuniary legacies, it must abate *pro rata* with other legacies. 1 Am. & Eng. Ency. L. (2d ed.) p. 45. So it is suggested that, by reason of her ad-

vanced age and inability to provide for her own support, the bequest may be similar to that in *Richardson* v. *Bowen, supra,* where it was held that the payment of the stated sum should not abate. But in that case the intention to give the sum without abatement, presumably for the reason stated, appeared in the will itself. Nothing appears in this will to raise such a presumption.

Second. As we see nothing in the will to evince an intention to prefer any of the pecuniary legacies, all are subject to abatement under the rule above stated.

(2) Third. The seventh clause adds lapsed legacies to the residue, but the result would be the same without this provision in the will. *Peckham* v. *Newton,* 15 R. I. 321. We see no reason to infer that these legacies were to be taken out of the general rule and made specific gifts to the remain-(3) der-men. The gift of a residue is subject to the precedent claims upon the estate. It is a gift of what remains after the debts and legacies are paid. *Tomlinson* v. *Bury,* 145 Mass. 346, 347; *Derby* v. *Derby,* 4 R. I. 414. The amount, therefore, of the lapsed legacies will go to the fund for the general pecuniary legatees.

*John A. Tillinghast,* for complainant.
*Weed & Weed,* for respondents.