this action as plaintiffs. Keefe died December 13, 1895, while a member of the defendant, and his beneficiaries began this action January 16, 1897, to recover the amount of the certificate or policy. The defense is that Keefe made misstatements in his application for insurance, and also to the medical examiner. He was asked: "To what extent do you use intoxicating liquors? None. * * * Have you ever used them to excess, or to the extent of impairing your health? No." Keefe at one time was an occasional drinker, but at the time the application was made there was proof that he was entirely free from the use of intoxicating liquors, and the jury would have been warranted in so finding; and it was also for the jury to say whether his use of them had ever been excessive, "or to the extent of impairing his health." He also stated that his sister died of uterine trouble. The defendant produced the town clerk of the town where she died, who was permitted to read from the certificate of the physician who attended her at the time of her death, and which certificate was on file in the office of the town clerk, stating she died of phthisis pulmonalis. The certificate possibly may have been admissible had it been offered in evidence, but the manner pursued was not the proper way to prove the record. The plaintiffs sought to show that the insured was informed by members of his family who ought to have known the disease of which the sister died that she was afflicted with female trouble, but this testimony was excluded. In construing a certificate and medical examiner's report of this same defendant, and in form identical with this one, it was held by this court, in Fitzgerald v. Supreme Council, 39 App. Div. 251, 56 N. Y. Supp. 1005, that the statements in response to the inquiries therein contained were not warranties, but representations, as they were not embodied in or made a part of the certificate of insurance. That case is decisive of the present one on the main questions involved. This determination makes the good faith of the insured a pertinent issue in the case, and proof tending to show his knowledge of his sister's affliction is competent upon that issue. As was held when the case was in this court on a former appeal (37 App. Div. 276, 55 N. Y. Supp. 827), this proof only bears upon the good faith of Keefe. Of course, it is proper and important to show by competent proof the disease of which the sister died.

Plaintiffs' exceptions are sustained, and a new trial granted, with costs to the plaintiffs to abide the event. All concur.

---

### In re POTTER'S ESTATE.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

TAXATION—TRANSFER TAX—POWERS—PROPERTY LIABLE.

Where testator, dying in 1877, established a trust in his daughter's favor, and directed that at her death the property should be divided among her issue, but gave her a power of appointment by will, and the daughter died in 1898, leaving sons and daughters, and directed that the property

be divided among her daughters only, such property was subject to taxation under the inheritance tax law, as amended by Laws 1897, c. 284, imposing a tax on the right of succession derived from the exercise of a power of appointment under a disposition of property either before or after the passage of the act.

Appeal from order of surrogate, Orange county.

Proceeding by Clarence Cary, one of the executors of the estate of Mary Louisa Potter, deceased, for adjustment of the inheritance tax. From an order of the surrogate's court fixing the tax, Clarence Cary and another, executors, appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Horace E. Deming and Willard Parker Butler (Edwin T. Rice, Jr., on the brief), for appellants.

Emmet R. Olcott, for respondent comptroller of city of New York.

GOODRICH, P. J. James Brown died in New York City in 1877, leaving a will by which he devised one-fifth of his residuary estate to certain trustees, to pay the income to his daughter, Mary L. Potter, during her life; and upon her death he devised such share in equal proportions to and among her issue, if any, her surviving. There was also a provision which gave to Mrs. Potter power to appoint by will such share to and among the testator's descendants living at her death, in such proportions and upon such lawful trusts and conditions as she should think proper. Mrs. Potter died in 1898, leaving four daughters, two sons, and the three children of a deceased son. Her will appointed the property in equal portions among her daughters her surviving. The surrogate of Orange county admitted the will to probate, and made an order, entered in May, 1899, under chapter 284 of the Laws of 1897, amending article 10 of the tax law, assessing a transfer tax upon the sum of $51,057.43, personalty of the testatrix's father, James Brown, as to which his will gave her the power of appointment. This appeal is taken from that order by the executors of Mrs. Potter's will. They contend that the property passed, not under the power of appointment, but under Mr. Brown's will, and that all that the exercise of the power of appointment did was to exclude the sons of Mrs. Potter from participating in the property, and to devest their remainders; that the transfer operated at Mr. Brown's death, and not at Mrs. Potter's; that the appointment did not transfer the property; that the tax under the transfer tax law was not levied on the property, but on the transfer of property; and therefore that the amendment of 1897, so far as it seeks to subject the transfer from Mrs. Brown to the remainder-men, is retroactive and unconstitutional. The amendment of 1897 provides that, whenever any person shall exercise a power of appointment derived from any disposition of property made either before or after the passage of the amendment, such appointment, when made, shall be deemed a transfer taxable under the act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power, and had been bequeathed or devised by such donee by will.

The precise points raised by the appellants have been decided by the learned appellate division of the First department, in Re Vanderbilt's Estate, 63 N. Y. Supp. 1079, adversely to the contention of the appellants. The facts in that case were that William H. Vanderbilt died in 1885, leaving a will establishing a trust fund in favor of his son Cornelius, who was to enjoy the income during his life. The testator directed that upon the death of Cornelius the fund should be paid to his lawful issue, in such proportions as Cornelius, by his will, might appoint. Cornelius died in 1899, leaving a will by which he exercised the power, and appointed the fund in definite proportions among his children. These facts are of parity with those in the case at bar. The court said:

"It is quite apparent that property has not been taken without due process of law, but only in the ordinary exercise of the right of the state to impose burdens upon the citizen by way of taxation."

We should hesitate to differ with the views expressed by the appellate division of any of the other departments of the state upon the effect and constitutionality of a legislative act involving the power of taxation; but in the present instance we see no reason for differing, as the opinion, by its logical arguments, merely confirms our own impressions. The order should be affirmed.

Order of the surrogate of Orange county affirmed, with $10 costs and disbursements. All concur.

---

## UNDERHILL v. RUSHMORE.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

COSTS—AMOUNT—ACTIONS IN COUNTY COURT.

　　Code Civ. Proc. § 2863, provides that a justice of the peace cannot take cognizance of a civil action in a matter of account where the sum total of the accounts of both parties exceeds $400. Section 3228 provides that the plaintiff is entitled to costs of course, on the rendering of a final judgment in his favor in an action where a justice of the peace has no jurisdiction for the reason that the accounts between the parties exceed in the aggregate the sum of $400. Defendant, in an action for services, set up a counterclaim, which, with plaintiff's claim, aggregated more than $400. On the return day the cause was removed to the county court for the reason that the justice had no jurisdiction of the action. *Held*, that plaintiff was entitled to costs on entry of judgment in his favor, though the judgment was for less than $50.

Appeal from Kings county court.

Action by Silas A. Underhill against Samuel W. Rushmore. There was a judgment in favor of plaintiff. From an order denying plaintiff's motion for a new taxation of costs, and affirming the taxation by the clerk in favor of the defendant, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

S. A. Underhill, in pro. per.
Henry M. Post, for respondent.

GOODRICH, P. J. This action was commenced in December, 1897, in the court of a justice of the peace in Brooklyn, to recover