(71 App. Div. 581.)

In re KING'S ESTATE.

(Supreme Court, Appellate Division, First Department. May 9, 1902.)

TRANSFER TAX—MERCANTILE BUSINESS—APPRAISAL—DEDUCTIONS.
  A decedent who had conducted a mercantile business within the state·
had also a branch house in another state. The liabilities of the business
within the state to domestic creditors exceeded the assets of such busi-
ness, but the assets of the branch house exceeded its liabilities. *Held*
that, as the assets within the state were liable for the debts therein, in
appraising such assets under the transfer tax act the total domestic lia-
bilities should be deducted therefrom, leaving in this case nothing to be
taxed.

Appeal from surrogate's court, New York county.

Proceedings in the matter of the appraisal of the property of Henry
W. King, deceased, under the transfer tax act. From an order
confirming the appraiser's report, the executors appeal. Reversed..

The testator, a resident of the state of Illinois, was a member of the co-
partnership firm doing business in the city of New York under the name of
Browning, King & Co., and in the city of Chicago under the name of Henry·
W. King & Co., it being stipulated that the separate branches in New York·
and Chicago constituted one firm for the purposes of this transfer tax pro-
ceeding. The remaining facts, and the reasons on which it is sought to sus-
tain the tax levied, are thus stated by the learned surrogate (In re King's·
Estate, 30 Misc. Rep. 575, 63 N. Y. Supp. 1100): "The business of the firm
consisted in manufacturing and selling clothing. The New York branch was
mainly occupied in manufacturing, and thereby incurred large debts. The
Chicago branch mainly sold and distributed the manufactured products, and:
thereby made collections in excess of outlays. As a result, the debts owing.
to New York creditors exceeded the value of the New York assets, and it is·
claimed that these debts should be deducted, and that nothing would remain·
subject to tax. No distinction of this kind can prevail. The entire firm·
assets must be valued, and the entire firm obligations ascertained; and the·
net assets in this state will be ascertained by deducting from their gross·
value such fraction of the entire obligations as the New York assets bear·
to the total assets. In other words, the New York assets must be charged
ratably with all other assets with the debts of the firm." From the order·
entered in accordance with the surrogate's view, the executors appeal.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-TERSON, O'BRIEN, and LAUGHLIN, JJ.

Clarence E. Thornall, for appellants.

W. E. Kisselburgh, for respondent.

O'BRIEN, J. However desirous we may be to give a liberal construction in order to uphold a levy under the transfer tax act, we think there is an insuperable objection to sustaining the tax fixed in this proceeding. Ordinarily, on the death of a member of a firm, the legal title to the assets of the firm vests in the surviving members, and what is left to the representatives of the deceased partner is the right to an accounting. Williams v. Whedon, 109 N. Y. 333, 16 N. E. 365, 4 Am. St. Rep. 460. Assuming, however, but not deciding, that the decedent had a property interest in the assets of the firm in this state which is subject to taxation, we find it impossible to get away from the conclusion that, as against such property, the right exists to deduct the debts due to creditors in this state. In the present instance, upon the conceded facts, this would leave no balance subject to taxation. A tax on personal property of a nonresident is one which the state imposes based upon its dominion over the property situated within its territory, and, as such property is liable to be appropriated for the payment of debts therein, we fail to see upon what principle the latter can be entirely disregarded. Here it is conceded that the liabilities of the firm in this state exhaust its assets in this state, and, although the question has never been directly presented with reference to the transfer tax act, yet in analogous cases the principle has been affirmed, as in People v. Barker, 147 N. Y. 31, 41 N. E. 435, 29 L. R. A. 393 (headnote), that, "when a foreign corporation doing business in this state purchases property here for its business, and pays cash for a portion of it, and promises to pay the balance at a future day, * * * the amount still due upon the property is to be deducted from the value of the property to ascertain the 'sums invested' for the purpose of taxation." It is true that the firm did not owe the persons from whom it purchased the goods, but it did owe for discounts and loans affected, the proceeds of which were applied towards the purchase price of the property. That no distinction, however, can be drawn between debts due to those from whom the purchase was made as against banks from whom the money was obtained to pay for such purchase was held in Bijur v. Barker, 21 App. Div. 480, 48 N. Y. Supp. 641. Therein this court, affirming a decision of Mr. Justice Beekman, adopted his language that "it is too narrow a construction to hold that the statute refers only to the immediate debt to the vendor for the purchase money. It includes as well a debt incurred upon the borrowing of money from another with which to pay the vendor."

Our conclusion, therefore, is that, as the debts in this state exhausted the value of the property here, no tax could be imposed, and that, accordingly, the order should be reversed, with costs, and the motion to confirm the report of the appraiser should be denied. All concur.