[S. F. No. 6115.  In Bank.—November 6, 1912.]

JOHN E. McDOUGALD, Treasurer of the City and County of San Francisco, Appellant, v. MARTHA L. LOW and JAMES LAIDLAW, Executors, etc., of Charles Adolphe Low, Deceased et al., Respondents.

ESTATES OF DECEASED PERSONS—RESIDUE OF ESTATE OF TESTATOR.— The residue of the estate of a person dying testate is that which remains after paying the legacies of the will and the debts and expenses of administration.

ID.—INHERITANCE TAX—NONRESIDENT TESTATOR—PROPERTY SITUATED IN THIS STATE—DETERMINATION OF VALUE OF PROPERTY PASSING IN KIND—NO DEDUCTION FOR FOREIGN DEBTS OR EXPENSES.—In determining the value, for the purpose of fixing the amount of the inheritance tax payable in this state, of property having its *situs* therein which passed in kind to the residuary legatees under the will of a nonresident testator, who left no creditors in this state, and whose estate in the state of his domicile is ample to pay all debts and expenses of its administration, no deduction should be made from the actual value of the property of any portion of the debts proved, or expenses incurred in the state of the testator's domicile.

ID.—CHARGE UPON SUCCESSION.—The inheritance tax is a charge upon succession by inheritance or transfer by will.

ID.—SITUS OF CORPORATE STOCK IS IN STATE OF INCORPORATION.—The *situs* of stock in a corporation is in the state of the incorporation, for the purposes at least of the inheritance tax law, and any bequest thereof which results in its actual transfer in kind should subject it to payment of the inheritance tax upon its actual value.

ID.—PROCEEDING FOR COLLECTION OF INHERITANCE TAX—FINDINGS— PAYMENT OF DEBTS AND EXPENSES FROM ASSETS IN STATE OF DOMI- CILE.—In a proceeding in this state to enforce the payment of the inheritance tax on such property, findings showing that the value of the assets of the estate situated in the state of the testator's domicile was vastly greater than the aggregate amount of the debts and expenses there proven and incurred, justify the conclusion that such debts and expenses had been or would be paid out of the domiciliary assets, and that the property having its *situs* in this state had passed or would pass in kind and without diminution to the residuary legatees.

ID.—TRANSFER UNDER POWER OF APPOINTMENT—BOND TO SECURE PAY- MENT OF TAX.—Where property is bequeathed to trustees, to pay the net income therefrom to a daughter of the testator, with power

to said daughter to will such property to whomsoever she might wish
after her death, no transfer under the power takes place, within
the meaning of the inheritance tax law, until the exercise thereof,
and the trustees are not required to give a bond to secure the pay-
ment of such tax as may accrue upon the exercise of the power.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. John J. Van Nostrand,
Judge.

The facts are stated in the opinion of the court.

Hartley F. Peart, and U. S. Webb, Attorney-General, for
Appellant.

James M. Allen, for Respondents.

SHAW, J.—The district court of appeal of the first dis-
trict reversed the judgment of the court below herein. Upon
respondents' application a rehearing was granted and the
cause was transferred to this court for decision. Upon fur-
ther consideration we approve the opinion written by Mr. Jus-
tice Hall and rendered by the district court of appeal. It is
as follows:

"This is an appeal by the plaintiff from a judgment of the
superior court, fixing the amount of the inheritance tax to be
paid on certain shares of stock in three several California cor-
porations, passing under the residuary clause of the will of
Charles Adolphe Low, deceased.

"Plaintiff, as the treasurer of the city and county of San
Francisco, brought the proceedings under the provisions of
section 17 of the inheritance tax law of 1905. (Stats. 1905,
p. 341.)

"The respondents, the executors of the last will of said
decedent, appeared in said proceeding, and admitted that the
property in question was subject to the inheritance tax under
the statute, and the court, upon due proceedings, appointed
an appraiser to appraise the said shares of stock, and to re-
port thereon in writing to the court. The appraiser in due
time made his report, and the court made findings thereon,
filed conclusions of law, and rendered its judgment fixing the

amount of the taxes to be paid on account of said shares of stock.

"It appears from the record before us that said decedent died domiciled in the state of New York, where his will was duly admitted to probate and where he left large estate. He also left estate (the shares of stock in question) in this state, that is to say, he owned and his estate still owns shares of stock in three several California corporations. There has been no administration of the estate in this state, and the respondents are the executors appointed by the New York court.

"All debts were proved against the estate in the probate proceedings had in the state of New York. There do not appear to be any debts owing to any California creditors, and the estate in New York greatly exceeds the entire debts and expenses of administration. Indeed the value of the personal property alone in New York at the time of the death of the decedent exceeded the total debts and expenses of administration by upwards of $348,000.

"The total value of the estate of decedent at the time of his death was $1,622,933.89. All the property in California, being the stocks in the California corporations, was of the value of $296,616.66, which was 18 1-5 per cent of the total value of the estate.

"The court in its conclusions of law held that the property in California subject to the inheritance tax should bear its proportion of the debts proved in New York, and the expenses of administration of the estate of decedent in New York, and accordingly deducted 18 1-5 per cent of such debts and expenses from the actual value of such property, and assessed the tax upon the remainder thus ascertained. It is this action of the court which presents the principal question to be determined upon this appeal.

"We think the court erred in thus deducting from the property in California the debts proved and expenses incurred in the probate proceedings in New York. It is not pretended that any debts are or were owing to any one in California.

"The court found 'That the property in California is residue, and is to be distributed according to section seventh of the last will and testament of said Charles Adolphe Low.' The seventh section of said will disposes of the 'residue' of the estate.

"Respondents in their brief correctly state that: 'The legatees at bar take by decedent's will the residue; the residue is what remains after paying the legacies of the will and the debts and expenses of administration.'

"That respondents' conception of what is meant by the *residue* in the law of wills and administration is correct is amply supported by the following authorities: *Nickerson* v. *Bragg,* 21 R. I. 296, [43 Atl. 539] ; *Stevens* v. *Underhill,* 67 N. H. 68, [36 Atl. 370] ; *Addeman* v. *Rice,* 19 R. I. 30, [31 Atl. 429] ; *In re Harvey,* 14 Or. 171, [12 Pac. 307] ; *Phelps* v. *Robins,* 40 Conn. 264; Webster's New International Dictionary.

"From the finding of the court that this California property is residue it is apparent that it has or will pass to the residuary legatees free of debts and expenses of administration. In other words, it will be distributed in kind to the residuary legatees. Under our system the title to property passes either by will or succession *upon the death* of the decedent, subject of course to the payment of the debts and other charges of administration. Where, as in this case, property having its *situs* in this state is not in fact resorted to for the payment of debts or expenses, but passes in kind to the legatee, and there are no debts due creditors in this state, and the estate in the state of the domicile is ample to pay all debts and expenses of administration, we see no reason why any deduction should be made from the actual value of the property that actually does pass in kind to the legatees. The inheritance tax is a charge upon succession by inheritance or transfer by will. (*In re Wilmerding,* 117 Cal. 281, [49 Pac. 181].) The *situs*-of stock in a corporation is in the state of the incorporation, for the purposes at least of the inheritance tax law. (*Murphy* v. *Crouse,* 135 Cal. 19, [87 Am. St. Rep. 90, 66 Pac. 971]), and any bequest thereof which results in its actual transfer in kind should subject it to payment of the inheritance tax upon its actual value.

"There are no decisions of any appellate court of this state upon the point involved in this appeal; but the decision of the supreme court of Tennessee in *Memphis Trust Co.* v. *Speed,* 88 Tenn. 677, [88 S. W. 321], supports the doctrine that no deduction should be made on account of debts not shown to have been paid out of the property situate in Tennessee. In

the case just cited the domicile of the decedent was in Mississippi, where the principal administration was had. Ancillary administration was had in Tennessee, and the debts that the executor sought to deduct from the value of the estate in Tennessee, which consisted solely of stock in Tennessee corporations, were owing to Tennessee creditors; yet the court held that as it had not been shown that the debts in question had been paid from the estate in Tennessee, but that the estate in Tennessee remained intact for distribution, no deduction should be made from the value of the property in Tennessee.

''This case goes further than we are required to go, for in the case at bar there are no debts due California creditors.

''It has been decided in New York that where a decedent leaves estate in different states, that the debts due New York creditors should be deducted from the value of the estate in New York, though thus exhausting the New York estate, while the entire estate of decedent was perfectly solvent, and an apportionment of the debts to the estate in different states would leave a balance to be taxed in New York under its inheritance tax law. (*Matter of King,* 71 App. Div. 581, [76 N. Y. Supp. 220], [affirmed on appeal in 172 N. Y. 616, [64 N. E. 1122], no opinion] ; *Matter of Grosvenor,* 124 App. Div. 331, [108 N. Y. Supp. 926] ; *Matter of Grosvenor,* 126 App. Div. 953, [111 N. Y. Supp. 1121], [affirmed in 193 N. Y. 652, [86 N. E. 1124], with memorandum citing *Matter of King,* 71 App. Div. 581, [76 N. Y. Supp. 220], 172 N. Y. 616, [64 N. E. 1122].)

'' As a corollary to the rule laid down in the above cited New York cases, it ought to follow that no deduction should be allowed, in a perfectly solvent estate at least, on account of debts due nonresident creditors or expenses of foreign administration not shown to have been paid or to be paid out of the California assets.

''For the reasons above set forth we think the court erred in making the deduction.

''One-fourth of the residue of the estate of the testator was given to trustees in trust, to pay the net income therefrom to one of the daughters of the testator, with power to said daughter to will such portion to whomsoever she might wish after her death. Appellant contends that the court should have required the trustees to give bond to secure the payment

of such tax as may accrue upon the exercise of such power of appointment. It would seem to be a sufficient answer to this contention to say that the statute imposing the tax, and authorizing the proceedings to enforce payment, makes no provision for exacting any such bond. Under the inheritance tax law (section 1) no transfer under the power takes place until the exercise thereof. This we do not understand to be disputed by appellant. Until such event takes place it cannot be known what, if any, tax will be due thereon. We do not think that the court erred in not exacting a bond from the trustees for the purpose of securing payment of a tax on a transfer of property not yet made, and which when made may not require the payment of any tax at all.

"The trial court has all the data and facts in the report of the appraiser and in the facts found by the court upon which to render a correct judgment."

The main reason for the granting of the rehearing was that, as the decedent was a resident of New York at his death and it was not expressly found that the debts due his New York creditors and the expenses of administration in New York had in fact been paid out of his New York property, there might be a *prima facie* right in the residuary legatees to have a proportional amount of such New York debts and expenses deducted from the California assets, and to have the California inheritance tax computed only upon the balance.

Upon further consideration we are satisfied that the facts shown by the record were sufficient to raise a presumption that none of the California property would ever be used to pay the New York debts or expenses and that the California property had passed, or would pass, in its entirety, to the legatees. The circumstances put upon the legatees the burden of showing that said debts and expenses or some part thereof would have to be paid out of the California property. As they made no attempt to do so, the court below was justified in finding that the California property was residue to be distributed to the legatees. Its finding of that fact was equivalent to a finding that all said debts and expenses had been paid, or would be paid, out of the New York property. The other facts found justified this as a conclusion. The New York assets were of the value of $832,790.38, of which $538,565.38 was personal property. The said debts and ex-

penses aggregated $189,836.47. In the ordinary course of procedure these debts and expenses, if they have not been paid, will all be paid out of the New York property. Hence, the California property will go to the legatees without diminution because of these New York debts and expenses and, accordingly, the inheritance tax should be computed upon its value without any deduction on account of said New York claims.

The respondents cite the New York decision in *Matter of Porter*, 67 Misc. Rep. 19, [124 N. Y. Supp. 677], which declares, in a case somewhat similar, that a *pro rata* deduction is proper under the facts shown in that case. In that case, however, it does not appear that the assets in the state of the decedent's domicile were sufficient to pay the debts and expenses of administration thereof. That case is, therefore, distinguishable from the case at bar because this fact does appear here.

The judgment appealed from is reversed and the trial court is directed to give judgment in accordance with this opinion.

Angellotti, J., Sloss, J., Henshaw, J., Melvin, J., and Lorigan J. concurred.