In the Matter of the Estate of ELIZABETH C. PUTNAM, Deceased.

Surrogate's Court, New York County, December 15, 1925.

Taxation — transfer tax — New York corporation stock owned by non-resident decedent passing by exercise of two powers of appointment — transfer of stock taxable — fact that donors died before passage of State transfer tax statute does not affect taxation of transfer.

An application for a modification of an order assessing the transfer tax in the estate herein by including property of a non-resident decedent passing by the

exercise of two powers of appointment, which were conferred by the wills of decedent's father and mother, non-residents, who died prior to the enactment of the State transfer tax statute, should be granted where the appointed property included stock in New York corporations, since the transfer of the stock is taxable. The fact that the powers were created by the wills of decedents who died before the passage of the original State transfer tax statute does not affect the taxation of the transfer.

APPLICATION for modification of order assessing transfer tax.

*William W. Wingate,* for the executors.

*Charles A. Curtin,* for State Tax Commission.

FOLEY, S. This application is made by the State Tax Commission for a modification of the order dated June 16, 1925, assessing the transfer tax by including property passing by the exercise of two powers of appointment. Through inadvertence the item was overlooked upon the application to have the tax fixed without the appointment of an appraiser, and the question of the taxability of the transfer was not raised or litigated thereon. The motion of the Commission is proper. (*Matter of Matthies,* N. Y. L. J. Jan. 5, 1924; affd., 209 App. Div. 856; *Matter of Scott,* N. Y. L. J. Aug. 7, 1912; affd., 155 App. Div. 929; affd., 208 N. Y. 602; *Matter of Scrimgeour,* 175 id. 507; *Matter of Willets,* 119 App. Div. 119; affd., 190 N. Y. 527.)

The decedent, a non-resident, died October 19, 1922, having exercised powers of appointment conferred by the wills of her father and mother. They were also non-residents of this State and died prior to the enactment of our transfer tax statutes. The appointed property included stock in New York corporations.

The application is granted. The right to tax the transfer of shares of stock in the State of incorporation has been sustained. The situs of such stock for transfer tax purposes may likewise be declared by legislation to be in the State of incorporation. (*Corry v. Baltimore,* 196 U. S. 466; *Matter of Bronson,* 150 N. Y. 1; *Matter of Enston,* 113 id. 174, 181; *Matter of James,* 144 id. 6, 12; Gleason & Otis Inheritance Taxation [4th ed.], 557; *McDougald v. Low,* 164 Cal. 107; 127 Pac. 1027.) The transfer of this stock is taxable in the estate of the donee. (*Matter of Palmer,* N. Y. L. J. Aug. 8, 1924; affd., 214 App. Div. 705; *Matter of Brett,* 206 id. 746.) In *Matter of Hull* (111 App. Div. 322, 325) the court said: " If the subject of the taxation, whether that be property of a tangible nature or a privilege conferred by the State, is within the jurisdiction or dominion of the Legislature, then it is for that body to determine the question of taxation." The legislation under the statute in force at the date of death of

the decedent in this estate declared taxable the transfer of stock of domestic corporations. The fact that the powers were created by the wills of decedents who died before the passage of the original transfer tax statute does not affect the taxation of the transfers. (*Matter of Vanderbilt*, 50 App. Div. 246; affd., 163 N. Y. 597; *Matter of Potter*, 51 App. Div. 212; *Matter of Dows*, 167 N. Y. 227.) In *Matter of Palmer* (*supra*) the facts were similar to those here; neither the donor nor the donee of the power was a resident of this State and the appointed property was not taxable under the law in force at the date of the death of the donor. My determination that the transfer of stock in New York corporations was taxable in the estate of the donee was affirmed by the Appellate Division (214 App. Div. 705). *Matter of Canda* (197 App. Div. 597) is distinguishable from the circumstances here. There the donor was a non-resident and the donee a resident, but all the property passing under the exercise of the power was located outside of the jurisdiction of this State. Since the will was not probated here and the property was not within our Legislature's taxing power and the State of New York could exercise no control over the right of the beneficiaries to succeed to the property, the transfers in that case were held not to be taxable.

Order signed.