## 28487. ROBINSON *et al. v.* HAISTEN.

DECIDED NOVEMBER 20, 1940.

*William B. Jones,* for plaintiffs in error.

*J. W. Culpepper,* contra.

GARDNER, J. Mollie Robinson died on March 12, 1925. Her sister, Louisa Robinson, died on February 13, 1930. Both were residents of Fayette County, Georgia. They owned undivided interests in certain real estate located in said county. As none of the relatives administered the estates of the deceased persons, I. E. Haisten filed with the ordinary of the county his petition setting forth the deaths of the sisters, alleging that they died intestate,

that he was a creditor of both estates; and praying that permanent letters of administration be issued to him. After citation was issued, and within the time allowed by law, Sara Robinson, H. L. MacLarin, and Annie Lou MacLarin filed their demurrer alleging a misjoinder of parties plaintiff and a misjoinder of causes of action, because it was sought to combine the two separate and distinct estates into one administration, there being only one application and one citation. They likewise filed a caveat raising the same question as to joint administration. At this stage in the proceedings Haisten amended his original application for administration, and alleged that Mollie and Louisa Robinson were sisters, and at the time of their deaths they owned an undivided interest in 150 acres of land, more or less, in the 1293d district G. M., Fayette County, known as the old Robinson place, that the sisters owned no other property at the time of their deaths; and that it was necessary to sell the land for the payment of the debts of the deceased sisters. The ordinary overruled the demurrer and the caveat, and granted to Haisten permanent letters of administration in one proceeding on both estates. Appeal to the superior court was taken; and when this appeal came on to be heard on March 11, 1940, it was submitted to the court, without intervention of a jury, on agreement of counsel that the only question involved was whether under the laws of the State of Georgia there could be an administration on two separate and distinct estates on one application, one citation, and one proceeding; or whether there must be a separate application, a separate citation, and a separate proceeding as to each estate. On March 15, 1940, the judge denied the appeal, and ordered that Haisten proceed with the administration of said estates. The case is now before this court on exception to this order.

The questions before us have never before been presented to the appellate courts of this State, and are so unusual in their nature that courts of other jurisdictions have not dealt with the situation in any opinion which we have been able to find, except in the State of Utah where the statute specifically governs the question. "No one has any inherent rights to testate or intestate estates unless that right is authorized by existing law. Such right may be regulated without infringing on the private rights of any person whenever the legislature considers it necessary." Redfearn on Wills (rev. ed.), 18, and cit. Plummer v. Coler, 178 U. S. 115 (20 Sup. Ct.

678

829, 44 L. ed. 998) ; Wilmerding's Estate, 117 Cal. 284 (49 Pac. 181) ; Hatheway v. Smith, 79 Conn. 506 (65 Atl. 1058, 9 L. R. A. (N. S.) 310, 9 Ann. Cas. 99) ; In re. Fox, 52 N. Y. 530 (11 Am. R. 751) ; 68 C. J. 414. An administration is.a proceeding in rem; and unless the statutes authorize two or more separate estates to be combined, they can not be administered jointly. The Code, §§ 113-901, 113-1202 et seq, neither expressly nor impliedly authorizes the administration of two or more separate estates in one proceeding. In our investigation of this question we have found a statute in only one State which permits the property of two or more persons to be administered in one proceeding. In Utah (Revised Statutes of 1933, § 102-4-6), it is declared that "In all cases where the estate left by a deceased person has descended from another deceased person whose estate has never been probated, or where two or more deceased persons held property during their lifetime as tenants in common, and neither estate has been probated, and where the heirs are the same, the court may grant letters of administration upon such estates jointly, and they may be administered the same as if they were but one estate." Bean v. Cloward, 95 Utah, 453 (82 Pac. 2d, 336, 119 A. L. R. 123, 125). While in particular cases it might be expedient and convenient to administer more than one estate in the same proceeding, yet in others it might be unwise and greatly confusing. The power to administer estates is purely statutory; there is no such statute in Georgia. The court erred in denying the appeal and ordering the administration of the estates to proceed.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*