MARTHA WYCKOFF and ELIZABETH WYCKOFF, respondents,

*v.*

WILLIAM O'NEIL, executor of Mary E. Harris, appellant.

[Argued March 27th, 1907. Decided June 17th, 1907.]

1. Where an executor has paid the collateral inheritance taxes upon legacies given by the will, although it is his duty to deduct such tax at settlement with the legatee, under *Gen. Stat. 3340* ¶ *268*, he may properly make the payments and have allowance for them in his final account.

2. An executor is not ordinarily compelled to pay such tax until the expiration of the year allowed him by law for the settlement of the estate, and he should not be refused allowance for such interest as he would be required to pay if the tax were paid within the year.

3. He will not ordinarily be chargeable with interest on moneys in his hands uninvested for and during the year allowed him in which to settle the estate.

4. An executor is not entitled to commissions until his accounts have been settled and allowed by the court, and if he withdraws from the estate prior to such settlement any money on account of such commissions he will be chargeable with interest thereon to the time of his accounting.

On appeal from a decree of the prerogative court advised by the vice-ordinary, whose opinion is reported in *71 N. J. Eq. (1 Buch.) 729.*

*Mr. Gilbert Collins,* for the appellant.

*Mr. William H. Morrow,* for the respondents.

The opinion of the court was delivered by

HENDRICKSON, J.

This is an appeal from a decree of the prerogative court entered upon an appeal from a decree of the orphans court of Warren county wherein the respondents were the exceptants and the appellant the accountant. The conclusions of the vice-ordinary

will be found in *71 N. J. Eq.* (*1 Buch.*) *729*. The appellant filed with the surrogate his final account as executor of Mary E. Harris. To this account exceptions were filed.

The first item in controversy was a payment of $1,027.75, paid to the state treasurer in satisfaction of the total sum assessed against all the legacies subject to a collateral inheritance tax. This sum included the principal of the tax and interest on it and also a penalty for not paying the same within nine months from the death of the testatrix. The section of the statute regulating such payment may be found in *Gen. Stat. 3340 ¶ 266*. We do not think the executor was bound to pay the tax until the expiration of the year allowed him by law, within which to settle the estate. He is entitled to know the amount available for the payment of legacies after the debts are paid and to have a reasonable time thereafter, before he pays the tax on the legacies. We think, therefore, that the accountant should be allowed for the principal of the tax he has paid with interest collected thereon under the statute for one year at the rate of six per cent. And being bound to pay the tax on the legacies at the expiration of the year he cannot be allowed any interest he has paid thereon after that period and is chargeable with the whole penalty, and is not entitled to be allowed in the accounting for the excess interest or the penalty. In other words, anything on account of this item in excess of the principal amount and interest thereon at six per cent. for one year should be disallowed. The vice-ordinary held further that the accountant was not entitled to any allowance for those payments, for the reason that the amount of the tax on each legacy should be deducted from the legacy itself in settlement with the legatee, and, therefore, did not enter into the executor's account as executor. We are unable to agree with the learned vice-ordinary upon this point. We think the executor should show in his account every payment made by him as executor. The distribution of those payments among the various legatees is a matter of subsequent arrangement between him and them when he comes to pay the legacies. In stating his account it would be better, doubtless, that the accountant should distribute the sum total of the inheritance taxes, showing just how much thereof was chargeable against each

legacy, but the failure. to so distribute is no reason for disallowing the payment of the item in the account.

The next exception relates to a credit in the account of $300 for counsel fees paid Joseph H. Wilson for attorney's services. The vice-ordinary disallowed this payment for the reason that the allowance of $100 counsel fee on the final accounting, which also appeared in the account and was excepted to, was ample compensation for any services counsel could have properly rendered the executor in the discharge of his duties. In this we agree with the vice-ordinary.

The next exception is to a charge of interest decreed by the orphans court against the accountant on $700, withdrawn by the executor as his commission. He drew this amount three months after the testatrix's death and almost a year before his final account was filed. Upon his final accounting the commissions were fixed at $717.52, so that, with the exception of the $17.52, he had in his possession, subject to his own use, his commissions for services for nearly a year before they were finally rendered. As he was not entitled to commissions until his accounts had been settled and allowed by the court, he was properly charged with interest on the amount which he had withdrawn from the estate.

As to the items aggregating $25.50, for traveling expenses to Philadelphia in dealing with certain mortgage securities of the estate, which were disallowed by the vice-ordinary on the ground that the accountant had other business which took him to that city weekly when he could very readily have transacted the business referred to, we think the ruling was too strict as to this item. The accountant was under no obligation to attend to the business of the estate on the occasions when he was there on account of his own business concerns, and· he states that on the occasions for which he has charged expenses he visited the city solely to transact the business of the estate. This item should have been allowed.

We think the vice-ordinary was right in refusing to charge the accountant with interest on moneys in his hands previous to the accounting. It was the executor's business to reduce the estate to cash and he was under no obligation to make temporary

investments of it. The decree of the prerogative court will be reversed and modified along the lines here suggested.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, FORT, HEN-DRICKSON, PITNEY, SWAYZE, REED, TRENCHARD, BOGERT, VRE-DENBURGH, VROOM, GREEN, GRAY, DILL—14.