ALFRED NEILSON ET AL., EXECUTORS OF PHILO LAOS MILLS, PLAINTIFFS IN ERROR, v. GEORGE E. RUSSELL, SURROGATE, ET AL., DEFENDANTS IN ERROR.

Argued June 16, 1908—Decided November 16, 1908.

Stock in a New Jersey corporation belonging to a testator domiciled in England is not subject to the inheritance tax imposed by the act of May 15th, 1894. *Gen. Stat.*, *p.* 3339.

On error to the Supreme Court, whose opinion is reported *ante p.* 27.

For the plaintiffs in error, *Frank R. Lawrence* (of the New York bar), *Joseph Coult* and *John W. Griggs* (*William A. Smith* and *Frank Lawrence* on the brief).

For the defendants in error, *Theodore Backes* and *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

SWAYZE, J.   In a case like this the temptation is strong to pass an opinion upon the fundamental and important questions which were exhaustively discussed at the bar, and in the able opinion of the Supreme Court.   We prefer, however, to confine our discussion to the exact point presented by the case, which, we think, is the much narrower one of the proper interpretation of the statute.   For that purpose we assume that shares of stock in a New Jersey corporation

have a *situs* in this state, and that succession thereto or transfer thereof, may be taxed by our legislature; and that the tax imposed by the act of 1894 is either a legacy or a succession tax and not a property tax, and therefore not in conflict with our constitutional provision. The question we have to decide is, then, simply whether the statute reaches the present case.

An examination of the act shows that it imposes a tax (1) upon all property which passes by will or the intestate laws of this state from any person who may die seized or possessed of the same while being a resident of the state; (2) upon all property which shall be within this state which shall be transferred by inheritance, distribution, bequest, devise, deed, grant, sale or gift, made or intended to take effect in possession or enjoyment after the death of the intestate, testator, grantor or bargainor. The first class obviously affects the succession of residents of this state only. If the present tax is to be sustained, it must be because the succession sought to be taxed comes within the second class.

Our act was modeled after the New York act of 1885, and, if we had made no change in that act, we should be held upon well settled principles to have adopted with the act the construction previously placed thereon by the New York courts in the case of *Enston's Estate,* 113 *N. Y.* 174. In fact, however, we modified the language of the New York act by inserting at the beginning of the clause the words "all property" in place of the mere relative "which" and by adding the words "inheritance, distribution, bequest, devise." We are not therefore concluded by that decision.

It is clear that the legislature did not intend to tax all successions of non-residents. If it had meant that, it would have taxed all property within this state which should be transferred from a decedent by will or intestacy. (We disregard as quite inapplicable to the present case, transfers by deed, grant, sale or gift intended to take effect after death.) Instead of using the general language, which was naturally suggested by the use of the words "by will or by the intestate laws of this state," employed in the previous clause, the act

limits the tax upon transfers of the property of non-residents to transfers by inheritance, distribution, bequest or devise. The words "inheritance" and "distribution" are apt and proper words to designate the succession of an heir or next of kin; the words "bequest" and "devise," that of a legatee or devisee. The only one applicable to the present case is "bequest." What is to be taxed, therefore, as far as the present case is concerned, is a transfer by bequest from Mills to his legatees, or to use the language of Mr. Justice Holmes in *Blackstone* v. *Miller,* 188 *U. S.* 189 (at *p.* 207), it is the singular succession of the legatee, not the universal succession of the executors. That this is the true construction of the act is indicated further by the provisions of section 6 (*Gen. Stat., p.* 3341, *pl.* 268), authorizing the executors to deduct the tax from the legacy or property for distribution. The tax is not a general charge against the estate, but a charge upon the legacies. *Wyckoff* v. *O'Neill,* 2 *Buch.* 880. Section 10 authorizes a refund of taxes where the legatee has been obliged to refund part of his legacy to pay debts proven after distribution. Although there seems to be no provision in the statute authorizing the deduction of debts in making the appraisement, we can hardly doubt, in the face of section 10, that such a deduction ought to be made. It has never been thought that an insolvent estate was liable to this tax, although no machinery can be provided in this state by which the fact of solvency or insolvency can be ascertained. Such machinery is unnecessary if it is only the value of the legacy that is to be ascertained. These considerations persuade us that it is the legacy that is taxed and not the estate. The question recurs whether the succession of the legatees in the present case was meant to be taxed.

This succession is a succession under English law, by which the validity and amount of the bequest must be determined. *Jenkins* v. *Guarantee Trust and Safe Deposit Co.,* 8 *Dick.* 194. By that law, as well as by our own, the title to a legacy is not complete and perfect until the executor has assented (2 *Wms. Ex.* 1372, 1373), and he ought not to assent until creditors are satisfied. This assent must of necessity be

the assent of the executors at the domicile. They alone can ascertain whether the estate is solvent or insolvent, and it is only upon a settlement of their accounts that it can be determined whether the legatee will actually receive anything or not; and if he is to receive only a portion of the legacy, the amount in which it shall abate can be decided by the courts of the domicile only. The succession to the legacy is complete only in a foreign jurisdiction, and it would certainly be anomalous to tax that succession here. The case differs from those arising under the New York act of 1892, and statutes modeled thereon, which assume to tax the transfer of property within the jurisdiction; under those statutes it is the *situs* of the property which justifies the taxation of the transfer. Our statute of 1894 does not undertake to tax all transfers of property within our jurisdiction, but only transfers by inheritance, distribution, bequest or devise. In this respect out statute differs also from the Maryland act, which was before the court in *State* v. *Dalrymple, 70 Md.* 294, where the act, as construed by the court, imposed a tax upon all estates, real, personal and mixed, money and public and private securities for money of every kind being in the state. The Massachusetts cases are not in point for a like reason. There the statute imposes a tax on "all property within the jurisdiction of the commonwealth and any interest therein, whether belonging to inhabitants of the commonwealth or not, and whether tangible or intangible." *Greves* v. *Shaw, 173 Mass.* 205.

In short our statute imposes a legacy duty and not a transfer or succession tax. The view we take is the same that finally prevailed in the English courts. *Thompson* v. *Advocate-General, 12 Cl. & F.* 1.

We reach the same result if we disregard the technical force of the words "inheritance, distribution, bequest and devise," and look at the tax as a succession tax. It is conceded, as it must be in view of our constitutional provision, that the tax cannot be sustained as a property tax.

The ground upon which this extraordinary exaction, and the exemption of small estates, and the taxation by some

states, and at one time by the federal government of large estates at a higher rate, is sustained, is, as stated in the opinion of the Supreme Court, that "the rights of testamentary disposition and of succession are creatures of law upon the exercise and operation of which the lawmaker may impose terms." We think it follows logically that the only law which can impose the terms is the law that creates the right. In this case it is the English law. The title to the stock passed by virtue of the will to the executors from the moment of the testator's death, and probate was operative only as the authenticated evidence, not as the foundation of the executors' title. 1 *Wms. Ex.* 293, 294, 629. The English executors were authorized without probate in this state to transfer the stock (*Hutchins, Admr.,* v. *State Bank,* 12 *Metc.* 421; *Luce* v. *Manchester and Lawrence Railroad Co.,* 63 *N. H.* 588), and to vote at a corporate election (*In re Cape May, &c., Navigation Co.,* 22 *Vroom* 78), in which Justice Depue cited as authority the cases just referred to. However convenient it may have been to take out letters testamentary in New Jersey, such a course was not essential under our laws to vest the title in the executor; it was only of consequence as a matter of procedure, and to put the executors in a position to compel a transfer on the books of the corporation, if the corporation was unwilling to recognize the foreign letters. It is true that the New Jersey executors have a title and a right to administer (*Banta* v. *Moore,* 2 *McCart.* 97), but the difficulties already mentioned in dealing with the tax as a legacy duty are quite as forceful when it is looked on as a succession tax. There is the additional difficulty that the New Jersey administration is ancillary only and the provisions of the statute authorizing the executor to collect the tax from the legatee or to deduct it from the legacy cannot be enforced. After administration here, the balance of the estate would properly be transferred to the English executors for distribution in accordance with the laws of the domicile of the testator. Our view in this respect is supported by the authorities. *Wallace* v. *Attorney-General, L. R.,* 1 *Ch.* 1; *Embury's Es-*

*tate,* 19 *App. Div.* (*N. Y.*) 214; *affirmed,* 154 *N. Y.* 746; *Eidman* v. *Martinez,* 184 *U. S.* 578.

The claim of the state is not helped by section 11 of the act (*Gen. Stat., p.* 3342, *pl.* 273). ·That applies only to the case of stock which·is liable to the tax, and is intended to afford a means of collection of a tax imposed by other sections, not to impose a tax.

The judgment must be reversed.

*For affirmance*—THE CHANCELLOR, BERGEN, GREEN, J.J.   3.

*For reversal*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, J.J.   10.