*W. W. Thayer* for plaintiffs.

*W. C. Achi* for defendant.

---

## IN THE MATTER OF THE ESTATE OF MARY DAME HALL, DECEASED.

### APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED AUGUST 10, 1909.                    DECIDED AUGUST 20, 1909.

WILDER AND PERRY, JJ., AND CIRCUIT JUDGE WHITNEY IN PLACE OF HARTWELL, C.J.

CONSTITUTIONAL LAW—*inheritance tax statute.*

> The inheritance tax statute (Laws of 1905, Act 102) does not violate the United States Constitution.

TAXATION—*inheritance tax—property within Territory.*

> Under the inheritance tax statute shares of stock in domestic corporations, owned by a nonresident decedent, are property within this Territory and subject to the provisions of the act.

OPINION OF THE COURT BY WILDER, J.

Mary Dame Hall died testate in New Jersey leaving a large amount of property. Her will having been admitted to probate in that state letters of ancillary administration with the will annexed were granted to S. M. Damon by a circuit judge of the first circuit to administer upon a certain amount

of cash in this Territory and shares of stock in a number of domestic corporations, upon the transfer of which property under the will an inheritance tax was assessed.

The administrator having appealed from the decree assessing the tax, two questions are presented for consideration, namely, (1) whether the inheritance tax statute (Act 102, S. L. 1905,) is unconstitutional in that it is contrary to the fifth and fourteenth amendments to the constitution, and, if not, (2) whether shares of stock in domestic corporations owned by a nonresident decedent are subject to the provisions of the statute.

The first point is that the statute is unconstitutional because it provides for a classification which is claimed to be arbitrary and discriminative, the classification being that in the case of certain relatives the tax is two per cent. on the value of the property received in excess of $1000, while in all other cases the tax is five per cent. on the value of the property in excess of $500. In our opinion the classification is a reasonable one and the act is valid. See *Magoun v. Ill. Trust & Savings Bank,* 170 U. S. 283; *Campbell v. California,* 200 U. S. 87; *Board of Education v. Illinois,* 203 U. S. 553; *Billings v. Illinois,* 188 U. S. 97.

The second and main contention is that shares of stock in domestic corporations owned by a nonresident decedent are not property within this Territory and consequently not subject to the provisions of the statute. Section 1 of the act provides that "All property which shall pass by will or by the intestate laws of this Territory, from any person who may die seized or possessed of the same while a resident of this Territory, or which, being within this Territory, shall so pass from any person who may so die while not a resident of this Territory" shall be subject to the tax.

The question, in brief, is whether the shares referred to are property within this Territory. That the shares are property

is of course clear and is conceded. Counsel for the appellant also concedes the power of the legislature to provide for a tax on a succession to such shares of stock but insists that it has not done so. The fiction that personal property has its situs at the domicil of its owner is not relied on, as it is conceded that the act covers personal property of a nonresident which is tangible and is physically situated within the Territory. It is argued that shares of stock are intangible property and have no physical situs whatever in the absence of a provision to the contrary in the act. In section 24 of the act "property" is defined to mean "the real and personal property or interest therein of the testator, intestate, grantor, bargainor, vendor or donor passing or transferred to individuals, legatees, devisees, heirs, next of kin, grantees, donees, vendees, or successors and shall include all personal property within or without the Territory." This definition includes intangible as well as tangible property.

In *In re Bronson,* 150 N. Y. 1, it was held that the transfer of shares of stock in corporations incorporated under the laws of that state held by a nonresident decedent was subject to taxation under the New York statute which provided for a tax on the transfer of property within the state when the decedent was a nonresident at the time of his death. The reasoning by which that conclusion was reached was that a share of stock was but an undivided interest in the property of the corporation and that it had a tangible and visible existence in the state where the corporation existed and had its property. That case has been followed in a number of later decisions.

In *State v. Dalrymple,* 70 Md. 294, 3 L. R. A. 372, the court had no hesitation in holding that the statute of that state imposing a tax upon the transfer of assets within that state included shares of stock in Maryland corporations held by a nonresident decedent. Some emphasis was laid on the fact that the contrary conclusion contended for would result in a

discrimination against residents in favor of nonresidents which it was held the legislature did not intend to make.

In *Greves v. Shaw,* 173 Mass. 205, *State v. Hamlin,* 86 Me. 495, and *Gardiner v. Carter,* 74 N. H. 507, it has been held that shares of stock in domestic corportions of a non-resident decedent were property within the state and subject to the inheritance tax statutes of those states which imposed a tax on the transfer of all property "within the jurisdiction" of the state, and, except in New Hampshire, whether "tangible or intangible." The appellant concedes the force of these last decisions, but argues that property within the jurisdiction of a state is not necessarily within the state.

In *Neilson v. Russell,* 69 Atl. 476, the supreme court of New Jersey held that shares of stock in a New Jersey corporation which were owned by a nonresident at the time of his death were property in New Jersey and subject to the inheritance tax statute of that state. That judgment was reversed by the court of errors and appeals of New Jersey in 71 Atl. 286, 19 L. R. A. (N. S.) 887, on the theory that all that the New Jersey statute attempted to tax as to nonresidents was in cases of inheritance, distribution, bequest and devise, which words were held to be applicable to the general succession to the whole estate and not to the particular succession of a portion of the estate, which in that case was the stock of a New Jersey corporation. The upper court assumed, without discussing, that the stock of the New Jersey corporation was property in New Jersey.

A further reference to the cases is unnecessary in view of the fact that we are satisfied that our act shows that the shares in question are property within this Territory and that therefore they are subject to the provisions of the statute. Any doubt there might otherwise be in regard to the matter is definitely settled when section 11 of the act is considered. By that section it is specifically provided that no corporation shall

Estate of Hall, 19 Haw. 531.

"deliver or transfer any securities, deposits or other assets of the estate of a *nonresident decedent, including the shares of. the capital stock* of * * * the * * * corporation * * * without retaining a sufficient" amount to pay the tax assessed on the transfer of such shares. Thus it is clear that that section, when read in connection with section 1 of the act, shows that property within this Territory passing from a person who dies while not a resident of this Territory includes shares of stock in domestic corporations.

The decree appealed from is affirmed.

*C. H. Olson* (*Holmes, Stanley & Olson* on the brief,) for the administrator.

*C. R. Hemenway, Attorney General,* for the Territory.