HOWARD T. MOSS, SOLE ADMINISTRATOR OF THE ESTATE OF JOHN L. FOOTE, DECEASED, PROSECUTOR, v. EDWARD I. EDWARDS, COMPTROLLER OF THE STATE OF NEW JERSEY.

Submitted March 21, 1912—Decided July 17, 1912.

1. Stock in a New Jersey corporation in the possession of and belonging to a person domiciled in Connecticut, who died there intestate, is not subject to the inheritance tax imposed by the act of May 15th, 1894, as amended by the act of 1906.
2. And it is immaterial whether the succession is by a legacy in a will or by force of the intestate laws.

On *certiorari.*

Before Justices BERGEN, VOORHEES and KALISCH.

For the prosecutor, *Lum, Tamblyn & Collyer.*

For the respondent, *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

KALISCH, J.    John L. Foote, at the time of his decease, November 10th, 1906, was a resident of the State of Connecticut, and possessed of one hundred shares of the capital stock of Warren Railroad Company, a New Jersey corporation. He died intestate.    By the laws of distribution of the State of Connecticut, the said shares passed to a nephew and certain grandnephews and grandnieces of the deceased, who were his only heirs and next of kin.    The defendant, the comptroller of the State of New Jersey, under an act entitled "An act to amend an act entitled 'An act to tax intestates estates, gifts, legacies, devises and collateral inheritance in certain cases,' approved May 15th, 1894" (*Pamph. L.* 1906, *p.* 432), assessed a transfer tax upon said property to be so distributed under the law of Connecticut.

It is conceded that if the stock had passed by will, it would

be governed by *Neilson* v. *Russell*, 47 *Vroom* 655, and *Dixon* v. *Russell*, 50 *Id.* 490, but since, in the case *sub judice* the stock passes by virtue of the intestate laws, it is suggested that it does not come under the control of the cases cited. We think it does. We are unable to differentiate, on principle, the legal situation here presented from that which existed in each of the cases referred to. The only difference, if it may be properly called such in a legal sense, which is questionable, exists in the mode in which the transfer was made. In the cases cited it was by will, while in the case under review, it is by force of the intestate laws. It is manifest that the amount to be distributed to the next of kin, if any, can only be ascertained upon a settlement of accounts. And this must be done in the foreign jurisdiction and when ascertained distributed under 'its statute of distribution.

In Dixon *v.* Russell, Mr. Chief Justice Gummere, in delivering the opinion of the Court of Errors and Appeals, on page 491, said: "In the case of *Neilson* v. *Russell*, 47 *Vroom* 655, we were called upon to determine the scope of the original act which is amended by the statute of 1906, so far as it dealt with legacies. We reached the conclusion that its purpose was to impose legacy duties and not transfer or succession taxes; that it was not intended to, and did not, reach legacies, the validity and amount of which were required to be determined by the laws of a foreign jurisdiction. * * * We further expressed the opinion (perhaps unnecessarily) that even if we had considered the imposition provided by the statute to be a succession tax, and not a legacy duty, we would have reached the same conclusion, *i. e.*, that it was not intended by the statute that a tax should be imposed upon the singular succession of the legatee of a foreign testator, even though the subject of the legacy was shares of stock of a New Jersey corporation.".

The fact that the succession is by virtue of the intestate laws, and not by will, is wholly immaterial and does not admit of the application of any different principle than that applied by the Court of Errors and Appeals to succession by will.

The assessment is invalid and must be set aside.