## COMMISSIONER OF INTERNAL REVENUE v. CADWALADER.*
### No. 6159.

Circuit Court of Appeals, Third Circuit.
Feb. 5, 1937.

*Writ of certiorari denied 57 S.Ct. 940, 81 L.Ed. —.

Robert H. Jackson, Asst. Atty. Gen., and Ellis N. Slack, and J. Louis Monarch, Sp. Asst. to the Atty. Gen., for petitioner.

James P. Smith, of Washington, D. C. (Jesse F. Orton, of New York City, of counsel), for respondent.

Before BUFFINGTON and THOMPSON, Circuit Judges, and WELSH, District Judge.

BUFFINGTON, Circuit Judge.

This income tax case concerns executor's fees and the decisive question is whether such fees, viz., $142,707.88, were received by the taxpayer-executor in 1930.

The estate in question was a New Jersey one in excess of $50,000. Consequently, it is governed by New Jersey law (3 N.J.Comp.St.1910, p. 3860, § 129), which provides: "The commissions of executors, administrators and trustees in any estate where the receipts exceed the sum of fifty thousand dollars, shall be determined

by the orphans' court on the final settlement of their accounts according to the actual services rendered, not exceeding five per centum on all sums which come into their hands."

In applying this statute, the courts of that state, In re Smith's Estate, 107 N.J. Eq. 607, 153 A. 647; Titsworth v. Titsworth, 107 N.J.Eq. 436, 152 A. 869, hold that such executors are not entitled to commissions until final settlement of their account and if before that time they withdraw money from the estate, they are chargeable with interest. Thus in Wyckoff v. O'Neil, 72 N.J.Eq. 880, 67 A. 32, it is said: "As he was not entitled to commissions until his accounts had been settled and allowed by the court, he was properly charged with interest on the amount which he had withdrawn from the estate."

To the same effect is In re Jula's Estate, 130 A. 733, 735, 3 N.J.Misc. 976: "It is well settled that an executor, administrator, guardian, or trustee is not entitled to commissions until they are settled and allowed by the orphans' court. * * * If accountant takes commissions before they are allowed by the court, he occupies the position of a borrower of the amount so taken, and is chargeable with interest thereon to the time of his accounting."

Now in the present case the final account of the executors was approved June 6, 1930, and under the laws of New Jersey they were not entitled to be paid and in point of fact did not receive commission from income on the estate before that date. But it sought to avoid income tax by virtue of certain prior proceedings in the settlement of the estate. In adjusting the inheritance tax, the estate claimed that a deduction of $285,415.76 inheritance tax should be allowed on account of executors' commissions. The Commissioner refused to allow on the ground that the tax was not paid. He subsequently retracted from that position by reason of steps taken by the executors, and allowed the reduction contended for to be made, with the consequent reduction of inheritance estate tax.

In view of the practical fact that the estate had no money to pay the executors' commissions and of the legal fact that the executors' commissions could not be allowed until final accounting, certain steps were taken to procure the allowance for inheritance tax purposes, which steps are stated in the minority opinion of the Tax Board (italics ours): "The facts are simple. Emily R. Cadwalader and her sister were executrices of the estate of Charles G. Roebling, their father. The holding of the Bureau of Internal Revenue at that time required that executrices' commissions must be paid before a deduction might be had *for estate tax purposes. The estate was without ready cash to make the payments.* Mrs. Cadwalader and her sister, therefore, advanced the money to themselves as executrices and issued a note to each covering the so-called loan. They immediately took back the money, together with the note. In 1927 this transaction was examined by a revenue agent, who recommended that the executrix's commission be included in income for the year 1925. Mrs. Cadwalader protested this suggestion on the ground that she *in fact had received no income from the estate.* The Commissioner accepted her plea and the item was eliminated from taxable income and no tax paid. I believe that this action was correct for she had in effect simply received a note for her claimed commission and the whole matter was one of accommodation *in order that the Roebling estate might secure a deduction for tax purposes.* When in fact the commission of $142,707.88 was allowed by the court and paid in 1930, instead of reporting this sum as income, Mrs. Cadwalader urged that she should have been taxed on it in 1925. As 1930 was the year in which she in fact received the cash commission from the Roebling estate, that is the year in which the income was received and the tax upon its receipt due. The Commissioner should prevail."

Agreeing therewith as we do, we hold the order of the Tax Board be reversed and the record remanded for further procedure in accordance with our so holding.